IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x

In re                                :    Chapter 11
                                   :

Rural/Metro Corporation, et al.,[1]    :    Case No. 13-11952 (   )
                                 :

              Debtors.    :    (Joint Administration Pending)

-------------------------------------------------x

## DEBTORS' MOTION FOR ORDER AUTHORIZING (I) DEBTORS TO HONOR CERTAIN PREPETITION PRACTICES IN THE ORDINARY COURSE OF BUSINESS AND (II) PAYMENT OF SALES TAXES AND REGULATORY FEES

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing (i) the Debtors, in their discretion, to maintain certain prepetition practices, including refunding overpayments and honoring prepayments, in the ordinary course of business; and (ii) payment of sales taxes and regulatory fees. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Stephen Farber in Support of Chapter 11 Petitions and First Day Pleadings (the "**Farber Declaration**"), which was filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed co-counsel, respectfully represent:

## BACKGROUND

1.      On the date hereof (the "**Petition Date**"), Rural/Metro Corporation and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are listed in Schedule 1. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

Code. The Debtors intend to continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors have requested that these chapter 11 cases be consolidated for procedural purposes. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

2.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Farber Declaration.

## JURISDICTION

3.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## RELIEF REQUESTED

4.      By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of the Bankruptcy Code, authorizing the Debtors, in their discretion, to continue certain prepetition practices that are critical to maintaining continued support from customers and vendors in the ordinary course of business. These practices include refunding overpayments and honoring prepayments. In addition, by this Motion, the Debtors seek the authority to pay prepetition amounts owing in respect of prepetition sales taxes and regulatory fees.

01:13977055.1

**PREPETITION PRACTICES**

5.      The Debtors seek authorization to continue certain ordinary course business practices, including refunding overpayments and honoring certain prepayments (collectively, the "**Prepetition Practices**").

### A.   Refund Practices

6.      In the ordinary course of the Debtors' business of providing non-emergency and emergency ambulance care, the Debtors on occasion erroneously receive two payments for one service from a combination of the patient, insurance companies, or Medicare or Medicaid.  On average, the Debtors refund approximately $800,000 each month. Prior to the Petition Date, the Debtors would automatically refund the overpayment to the appropriate party (either the patient, one of the insurance companies, or Medicare or Medicaid, depending on the circumstances) (the "**Refund Practices**").  In fact, certain federal and commercial payors require the Debtors to refund any overpayments within thirty (30) days from either notification of the error or internal identification of the overpayment.  Failure to do so could result in various penalties, including, but not limited to, exclusion from participation in Medicare or Medicaid programs.

7.      Because the Debtors are not entitled to overpayments and retaining such payments would damage the Debtors' reputation in the marketplace, the Debtors desire to return overpayments without regard to when such payment was received or when the related services were delivered.  In addition, the Debtors desire to maintain and continue the Refund Practices in the ordinary course of business without interruption in accordance with their prepetition practices.  By this motion, the Debtors seek authorization to honor their prepetition obligations

under their Refund Practices, and to continue such Refund Practices in the ordinary course of their business.

8.      The Debtors provide a critical service to the communities in which they operate. Indeed, many of the Debtors' patients are individuals who live on a fixed income. It is imperative for the Debtors to refund any overpayments they have received to the applicable patients. In other instances, the Debtors are required either by law or the underlying contract to refund the overpayments within thirty (30) days. Accordingly, entry of an order granting the relief requested herein is appropriate.

**B.   Prepayments of Customers and Vendors**

   *(1) Customer Prepayments*

9.      In the ordinary course of the Debtors' business in providing emergency and non-emergency ambulance care and fire protection services, the Debtors offer certain customers the opportunity to pay for those services in advance of actual performance. In those instances, the Debtors bill and collect from the customers advance payment one month, three months, or in some instances, even a year, in advance.

10.     In most instances, the Debtors do not incur actual cash liability on account of the foregoing prepayments, but instead incur the obligation to perform the requisite service to the customer. In certain instances, the Debtors are paid in advance for services that they later discover they cannot perform. For example, certain customers pay the Debtors in advance to provide services to their members. However, certain of these services end up needing to be performed outside of the Debtors' operational coverage area. In these instances, the Debtors are contractually obligated to pay a portion of the received advance payment to the third-party who

performs the actual services instead of the Debtors.  On average, the Debtors pay these third-party service providers approximately $400,000 each month.

11.     At any given time, the Debtors have been prepaid for approximately $21 million worth of services.  If the Debtors are not permitted to honor these prepayments or pay a portion of those prepayments to the third-party service providers, a significant portion of the Debtors' customers would be adversely impacted.  Were that to occur, the Debtors could lose the support of their customers and ultimately see significant customer attrition. Accordingly, the Debtors request authority to perform prepaid services.

*(2) Vendor Prepayments*

12.     Certain of the Debtors' vendors have paid for the opportunity to promote and sell their products at a symposium in Scottsdale, Arizona where the Debtors' senior management will meet to discuss various business and field operations related issues (the "**Vendor Symposium**").  The event will be at no net cost to the Debtors' estates as the event has been or will be funded by payments by the Debtors' vendors.  The Debtors believe that this relief is important to sustaining key relations with vendors and maintaining credibility in the marketplace.  Accordingly, by this Motion, the Debtors request permission to honor these vendor prepayments aggregating approximately $150,000.

## TAXES AND REGULATORY FEES

13.     By this Motion, the Debtors also seek an order:  (a) authorizing, but not directing, the Debtors to pay prepetition sales taxes (the "**Sales Taxes**") to various federal, state and local authorities (collectively, the "**Taxing Authorities**"),[2] as well as certain regulatory,

---

[2]     A non-exclusive list of the Taxing Authorities is annexed hereto as Exhibit B.  While the Debtors have exercised their best efforts to list all of the Taxing Authorities on Exhibit B, it is possible that certain Taxing Authorities may have been inadvertently omitted from this list.  The Debtors' failure to include a particular Taxing Authority shall not operate to exclude amounts payable to such Taxing Authority from

licensing and permitting fees (collectively, the "**Regulatory and Licensing Fees**" and together

with the Sales Taxes, the "**Taxes**") to certain state and local government agencies (collectively,

the "**Regulatory Authorities**"[3] and together with the Taxing Authorities, the "**Applicable**

**Authorities**") on a periodic basis, in each case, as and when such obligations become due; and

(b) authorizing all banks and other financial institutions on which such checks or other fund

transfers to the Taxing Authorities are drawn to receive, process, honor and pay any and all such

checks or other transfers, whether issued or presented prior to or after the Petition Date.

A.      Sales Taxes

         14.     In the ordinary course of their business, the Debtors collect Sales Taxes

from customers and hold them for a period of time before remitting them to the Taxing

Authorities.  The Debtors' Sales Tax liabilities represent a small portion of their overall tax

liabilities.  The Debtors collect Sales Taxes with respect to the sale of certain inventory and

operating a "Health Line" service (which provides basic health information to callers).  The

Debtors then periodically pay amounts owed to the Taxing Authorities.  The Debtors estimate

that they collect approximately $1,500 in Sales Taxes from their customers each month.  To the

best of their knowledge, the Debtors are current in their payments of Sales Taxes to the Taxing

Authorities, and estimate that the total amount of prepetition Sales Taxes owing to the Taxing

Authorities will not exceed $2,500.

---

the coverage of this Motion or any order of the Court entered in connection with this Motion.

[3]      A non-exhaustive list of the Regulatory Authorities is annexed hereto as <u>Exhibit C</u>.  While the Debtors
have exercised their reasonable best efforts to list all of the Regulatory Authorities on <u>Exhibit C</u>, it is
possible that certain Regulatory Authorities may have been inadvertently omitted from this list.  The
Debtors request that any order granting relief requested herein apply to any Regulatory Authorities that
have been inadvertently omitted from <u>Exhibit C</u>.

B.      Regulatory Fees

15.      In the ordinary course of their business, the Debtors also pay certain Regulatory and Licensing Fees to the Regulatory Authorities on a periodic basis.  Such Regulatory and Licensing Fees include, but are not limited to, the business and licensing fees required to obtain a license or permit in order to operate the Debtors' businesses within the applicable Regulatory Authority's jurisdiction.  As a service provider in twenty-one states and nearly 700 communities, the Regulatory and Licensing Fees constitute the bulk of the Debtors' tax liabilities.  The Debtors estimate that they accrue an average of approximately $200,000 in Regulatory and Licensing Fees each month.  The majority of the Regulatory and Licensing fees are paid in advance and the Debtors are current in their payments of the vast majority of Regulatory and Licensing Fees to the Regulatory Authorities.  The Debtors estimate that the total amount of Regulatory and Licensing Fees that accrued prepetition and are owing to the Regulatory Authorities does not exceed approximately $30,000.

16.      In addition, the Debtors are party to a Corporate Integrity Agreement (the "**CIA**") with the Office of Inspector General of the United States Department of Health and Human Services to ensure compliance with Medicare, Medicaid and all other federal health care programs.  The Debtors periodically incur various compliance costs in connection with the CIA (the "**CIA Costs**").  The Debtors estimate that they accrue approximately $133,000 in CIA Costs annually.  The Debtors believe that they are current with respect to their payment of the CIA Costs.  However, out of an abundance of caution, in the event any CIA Costs are owed, the Debtors seek to make such payments where:  (i) CIA Costs accrued or incurred prepetition were not paid prepetition or were paid in an amount less than actually owed; or (ii) CIA Costs incurred for prepetition periods may become due after the commencement of these chapter 11 cases.

17.     Payment of the Taxes is necessary for the Debtors to remain in good standing and operate in the various jurisdictions in which they do business.  Certain Applicable Authorities either have not been paid for prepetition amounts or may have been sent checks for Taxes that may or may not have been presented or cleared as of the Petition Date.  Accordingly, the Debtors seek authorization for their banks (the "**Banks**") to honor prepetition wire transfer requests and checks issued by the Debtors to the Applicable Authorities (the "**Tax Payment Recipients**") for the payment of prepetition Taxes that, as of the Petition Date, have not cleared or been transferred.

18.     In order to minimize confusion, the Debtors will provide their Banks with a list of outstanding prepetition checks or wire transfers with respect to the Taxes within three (3) business days of the entry of the order authorizing such payments.  The Debtors thus request that the Court authorize and direct the Banks to honor any prepetition checks or wire transfers to the Tax Payment Recipients with respect to Taxes.

19.     In addition, obligations may have accrued or are accruing, or are subject to audit or review, but may not have become due and payable.  To the extent the Debtors have not yet remitted payment to the Tax Payment Recipients with respect to Taxes, the Debtors seek authorization to issue checks or provide for other means of payment to the Tax Payment Recipients to the extent necessary to pay the prepetition Taxes.

**BASIS FOR RELIEF**

20.     The Court may authorize the continuation of the Prepetition Practices and payment of the Taxes under section 363(b) of the Bankruptcy Code.  Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C.

§ 363(b)(1) (2006).  Under this section, a court may authorize a debtor to pay certain prepetition

claims.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing

payment of prepetition claims where the debtors articulate "some business justification, other

than the mere appeasement of major creditors"); see also In re Columbia Gas Sys., Inc., 171 B.R.

189, 192 (Bankr. D. Del. 1994) (authorizing payment of prepetition claims where such payments

are essential to continue operating the debtor's business).

   21. Additionally, section 105(a) of the Bankruptcy Code authorizes the Court

to issue "any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a) (2006).  Under section 105(a) of the

Bankruptcy Code, the Court "can permit pre-plan payment of a prepetition obligation when

essential to the continued operation of the debtor."  In re NVR L.P., 147 B.R. 126, 127 (Bankr.

E.D. Va. 1992).  This equitable common law principle "was first articulated by the United States

Supreme Court in Miltenberger v. Logansport C. & S.W.R. Co., 106 U.S. 286 (1882), and is

commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment' rule."

Ionosphere Clubs, 98 B.R. at 175-76; see also In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del.

1999) ("To invoke the necessity of payment doctrine, a debtor must show that payment of the

pre-petition claims is 'critical to the debtor's reorganization.'").  "The necessity of payment

doctrine recognizes that paying certain pre-petition claims may be necessary to realize the goal

of chapter 11 — a successful reorganization." Id. at 825-26.

   22. A bankruptcy court's use of its equitable powers to "authorize the

payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the

debtor is not a novel concept." Ionosphere Clubs, 98 B.R. at 175. Federal courts have permitted

postpetition payment of prepetition obligations where necessary for the debtor to survive and to

achieve a successful reorganization.  See, e.g., In re Equalnet Comms. Corp., 258 B.R. 368

(Bankr. S.D. Tex. 2000); Just for Feet, 242 B.R. 821; Ionosphere Clubs, 98 B.R. 174; In re Gulf

Air, LLC, 112 B.R. 152 (Bankr. W.D. La. 1989).

23.     The commencement of the Debtors' chapter 11 cases will no doubt create

apprehension on the part of parties that are owed refunds, customers and vendors regarding their

willingness to commence or continue doing business with the Debtors.  The Debtors believe that

without the requested relief, the stability of the Debtors' businesses will be significantly

undermined.

24.     Any curtailment of the Debtors' ability to continue the Prepetition

Practices, and the resulting negative public perception, may enable the Debtors' competitors to

take advantage of the Debtors' reorganization proceedings, causing substantial harm to the

Debtors' businesses and relationships with their customers.  Further, the continuation of the

Refund Practices is necessary to avoid the exclusion of the Debtors from participating in federal

programs such as Medicare or Medicaid.

25.     To preserve the value of their businesses and maintain the trust of the

various parties the Debtors conduct business with, the Debtors must be permitted, in their sole

discretion, to continue honoring all prepetition and postpetition Prepetition Practice obligations

without interruption or modification.  Considering the relatively minimal expense of the relief

requested herein as compared to the size of these chapter 11 cases and the critical importance of

the Prepetition Practices to the Debtors' continued viability as a going concern, entry of an order

granting the relief requested herein is appropriate and, indeed, essential to enable them to

reorganize successfully.

26.     Where retaining loyalty and patronage of customers is critical to a debtor's business, courts in this and other districts have granted similar relief to that requested herein. See, e.g., In re School Specialty, Inc., Case No. 13-10125 (KJC) (Bankr. D. Del. Jan. 30, 2013); In re THQ Inc., Case No. 12-13398 (MFW) (Bankr. D. Del. Dec. 20, 2012); In re DSI Holdings, Inc., Case No. 11-11941 (KJC) (Bankr. D. Del. June 28, 2011); In re Simmons Bedding Co., Case No. 09-14037 (MFW) (Bankr. D. Del. Nov. 17, 2009); In re Panolam Holdings Co., Case No. 09-13889 (MFW) (Bankr. D. Del. Nov. 5, 2009); In re NTK Holdings, Inc., Case No. 09-13611 (KJC) (Bankr. D. Del. Oct. 23, 2009); In re Premier Int'l Holdings Inc., Case No. 09-12019 (CSS) (Bankr. D. Del. June 15, 2009); In re Magna Entm't Corp., Case No. 09-10720 (MFW) (Bankr. D. Del. Mar. 6, 2009; In re Recycled Paper Greetings, Inc., Case. No. 09-10002 (KG) (Bankr. D. Del. Jan. 5, 2009).  The Debtors respectfully submit that similar relief is warranted in these chapter 11 cases.

27.     In addition to Prepetition Practices, the Debtors submit that the Court may also authorize the Debtors' payment of the Taxes under sections 105(a) and 363(b) of the Bankruptcy Code and the "necessity of payment" doctrine.  Furthermore, certain of the Taxes likely are afforded priority status under section 507(a)(8) of the Bankruptcy Code.[4]  Section 507(a)(8)(C) of the Bankruptcy Code provides priority status to a "tax required to be collected or withheld and for which the debtor is liable in whatever capacity."  11 U.S.C. § 507(a)(8)(C).

28.     In addition, section 507(a)(8)(E) of the Bankruptcy Code provides priority status to an excise tax on a transaction that occurred within three years immediately preceding the bankruptcy petition.  See 11 U.S.C. § 507(a)(8)(E).  The Bankruptcy Code does not define "excise tax."  The legislative history of section 507(a)(8)(E) contains an explanation of "excise

---

[4]     Nothing contained herein shall be deemed an admission as to the appropriate classification of any Taxes and the Debtors reserve all rights to object to any claim, on any basis, with respect to the Taxes.

tax," which provides that "[a]ll Federal, State or local taxes generally considered or expressly treated as excises are covered by this category, including *sales taxes*, estate and gift taxes . . . ." 124 Cong. Rec. H11113 (daily ed. Sept. 28, 1978); S17430 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. Deconcini (emphasis added).  An excise tax is commonly defined as "a tax imposed on the manufacture, sale, or use of goods . . . or on an occupation or activity . . . ." BLACK'S LAW DICTIONARY 585 (7th ed. 1999).  Numerous courts have adopted the definition of excise tax found in Black's Law Dictionary.  See, e.g., In re Marcucci, 256 B.R. 685, 696 (D. N.J. 2000); In re Templar, 170 B.R. 562, 563 (Bankr. M.D. Pa. 1994).  Accordingly, it is likely that a significant portion of the Taxes that accrued or were incurred prior to the Petition Date are priority claims pursuant to section 507(a)(8) of the Bankruptcy Code.  Taxes entitled to priority under the Bankruptcy Code must be paid in full under any plan of reorganization.  See 11 U.S.C. § 1129(a)(9)(C)(i)-(iii).  Accordingly, it is likely that a significant portion of the Taxes that accrued or were incurred prior to the Petition Date are priority claims pursuant to section 507(a)(8) of the Bankruptcy Code.  Taxes entitled to priority under the Bankruptcy Code must be paid in full under any plan of reorganization.  See 11 U.S.C. § 1129(a)(9)(C)(i)-(iii).  Hence, the payment of Taxes at this time would affect only the timing of the payments and would not prejudice the rights of other unsecured creditors.

29.     Further, the Debtors submit that the Taxes that have been collected or withheld by the Debtors are held in trust for the benefit of those third parties to whom payment is owed or on behalf of whom such payment is being made.  Case law supports the proposition that such taxes and fees are not property of the Debtors' estates within the meaning of section 541 of the Bankruptcy Code.  See Begier v. IRS, 496 U.S. 53, 65 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such,

do not constitute property of estate); In re Al Copeland Enters., Inc., 133 B.R. 837, 842 (Bankr.

W.D. Tex. 1991) (debtor obligated to pay sales taxes plus interest, because such taxes were "trust

fund" taxes), aff'd, 991 F.2d 233 (5th Cir. 1993); In re Am. Int'l Airways, Inc., 70 B.R. 102, 103

(Bankr. E.D. Pa. 1987) (fund held in trust for federal excise and withholding taxes is not property

of debtor's estate and, therefore, not available for distribution to creditors); Shipley Co., Inc. v.

Darr (In re Tap, Inc.), 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (funds paid by employer to

debtor for payment of employer's federal taxes were returnable to employer and not part of

debtor's estate).  Accordingly, no Court authority may be needed to make these payments, and

this relief is requested out of an abundance of caution.

30.     Moreover, many Applicable Authorities may seek to impose personal

liability on the officers and directors of the Debtors for Taxes collected but not paid to such

Applicable Authorities.  Such proceedings would constitute a significant distraction for such

officers and directors at a time when they should be focused on stabilizing postpetition business

operations and developing and implementing a successful reorganization strategy.  Authorizing,

but not directing, the Debtors to pay the Taxes would eliminate any potential administrative

claims for indemnification that officers would also assert against the Debtors if held personally

liable for such Taxes (including penalties, interest and other related charges), as well as the time

and expense of litigating such claims.

31.     Finally, payment of the Taxes is essential to the preservation of the

Debtors' businesses.  The Debtors are required under federal and state law, and local ordinances

to pay the Taxes in order to operate and to conduct business in certain jurisdictions.  Failure to

pay the Taxes could subject the Debtors to substantial penalties and could impact the Debtors'

existing permits and licenses, or applications to renew such permits and licenses, subject to the

01:13977055.1

Debtors' rights under section 525 of the Bankruptcy Code. If the relief sought herein is granted, the total amount that would be paid to the Applicable Authorities is modest compared with the size of the Debtors' estates. Because payment of the Taxes is essential to the Debtors' businesses and their restructuring efforts, the Debtors believe that it is in the best interests of the estates, creditors and all parties in interest to permit the Debtors to honor certain of their tax obligations.

32.    Prior to the commencement of these cases, the Debtors diligently made every effort to pay the Taxes on a timely basis. As the Debtors pay certain of the Taxes in arrears, however, the Debtors currently owe prepetition, undisputed and unpaid Taxes. Accordingly, the Debtors submit that the equities weigh heavily in favor of authorizing the Debtors to pay the Taxes. Relief similar to the relief requested in this Motion has been granted by this Court. See, e.g., In re Synagro Technologies, Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 25, 2013); In re Ormet Corporation, Case No. 13-10334 (MFW) (Bankr. D. Del. Feb. 27, 2013); In re WP Steel Venture LLC, Case No. 12-11661 (KJC) (Bankr. D. Del. June 1, 2012); In re Spheris Inc., Case No. 10-10352 (KG) (Bankr. D. Del. Feb 4, 2010); In re Telogy, LLC, Case No. 10-10206 (MFW) (Bankr. D. Del. Jan. 26, 2010); In re Stock Building Supply Holdings, LLC, Case No. 09-11554 (MFW) (Bankr. D. Del. May 7, 2009); In re Portola Packaging, Inc., Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008).

33.    In furtherance of the relief requested herein, the Debtors request that the Court authorize the Banks at which the Debtors maintain disbursement and other accounts, at the Debtors' instruction, to receive, honor, process and pay, to the extent of funds on deposit, any and all checks or electronic funds transfers requested or to be requested by the Debtors relating

01:13977055.1

to the Prepetition Practices and Taxes, including those checks or electronic funds transfers that have not cleared the Banks as of the Petition Date, without the need for further Court approval.

34.    Bankruptcy Rule 6003(b) allows the use of property of the estate, or the payment of prepetition claims, within 21 days of the Petition Date if the relief would prevent "immediate and irreparable harm." The Debtors submit that the payment of the Taxes is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

35.    To successfully implement the foregoing, the Debtors respectfully seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).

**NOTICE**

36.    Notice of this Motion will be given to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel; (c) counsel to Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (f) the Taxing Authorities and Regulatory Authorities affected by the Motion; (g) Medicare; (h) Medicaid; and (i) the Debtors' existing banks. The Debtors submit that, under the circumstances, no other or further notice is required.

*The remainder of this page is intentionally left blank.*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief for the Debtors as may be just and proper.

Dated: August 4, 2013
      Wilmington, Delaware

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                Edmon L. Morton (No. 3856)
                Maris J. Kandestin (No. 5294)
                Rodney Square
                1000 North King Street
                Wilmington, DE  19801
                (302) 571-6600
                (302) 571-1253 (Fax)
                emorton@ycst.com
                mkandestin@ycst.com

                        -and-

                WILLKIE FARR & GALLAGHER LLP
                Matthew A. Feldman
                Rachel C. Strickland
                Daniel I. Forman
                787 Seventh Avenue
                New York, New York 10019
                (212) 728-8000
                (212) 728-8111 (Fax)
                mfeldman@willkie.com
                rstrickland@willkie.com
                dforman@willkie.com

                *Proposed Co-Counsel to the Debtors and
Debtors in Possession*

01:13977055.1

### Schedule 1

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:

| | |
|---|---|
| Arizona EMS Holdings, Inc. (AZ) (7244) | Rural/Metro of Brewerton, Inc. (NY) (0912) |
| Beacon Transportation, Inc. (NY) (4028) | Rural/Metro of California, Inc. (DE) (8164) |
| Bowers Companies, Inc. (CA) (6465) | Rural/Metro of Central Alabama, Inc. (DE) (5348) |
| ComTrans Ambulance Service, Inc. (AZ) (6923) | Rural/Metro of Central Colorado, Inc. (DE) (6583) |
| Corning Ambulance Service, Inc. (NY) (5659) | Rural/Metro of Central Ohio, Inc. (DE) (2407) |
| Donlock, Ltd. (PA) (0659) | Rural/Metro of Greater Seattle, Inc. (WA) (6902) |
| E.M.S. Ventures, Inc. (GA) (3254) | Rural/Metro of Indiana, L.P. (DE) (9954) |
| Eastern Ambulance Service, Inc. (NE) (7359) | Rural/Metro of New York, Inc. (DE) (0083) |
| Eastern Paramedics, Inc. (DE) (1102) | Rural/Metro of Northern California, Inc. (DE) (3227) |
| Emergency Medical Transport, Inc. (AZ) (3878) | Rural/Metro of Northern Ohio, Inc. (DE) (8398) |
| EMS Ventures of South Carolina, Inc. (SC) (4174) | Rural/Metro of Ohio, Inc (DE) (0488) |
| Gold Cross Ambulance Service of PA, Inc. (OH) (9869) | Rural/Metro of Oregon, Inc. (DE) (3435) |
| Gold Cross Ambulance Services, Inc. (DE) (4792) | Rural/Metro of Rochester, Inc. (NY) (0148) |
| Lasalle Ambulance, Inc. (NY) (4422) | Rural/Metro of San Diego, Inc. (CA) (4132) |
| Medical Emergency Devices and Services (Meds), Inc. (AZ) (2218) | Rural/Metro of Southern California, Inc. (DE) (1679) |
| Mercury Ambulance Service, Inc. (KY) (8659) | Rural/Metro of Southern Ohio, Inc. (OH) (9303) |
| Metro Care Corp. (OH) (3994) | Rural/Metro of Tennessee, L.P. (DE) (3714) |
| National Ambulance & Oxygen Service, Inc. (NY) (9150) | Rural/Metro Operating Company, LLC (DE) (7563) |
| North Miss. Ambulance Service, Inc. (MS) (4696) | San Diego Medical Services Enterprise, L.L.C. (CA) (4136) |
| Pacific Ambulance, Inc. (CA) (7781) | Sioux Falls Ambulance, Inc. (SD) (4797) |
| Professional Medical Transport, Inc. (AZ) (6661) | Southwest Ambulance and Rescue of Arizona, Inc. (AZ) (9229) |
| R/M Arizona Holdings, Inc. (AZ) (6302) | Southwest Ambulance of Casa Grande, Inc. (AZ) (2807) |
| R/M Management Co., Inc. (AZ) (3444) | Southwest Ambulance of New Mexico, Inc. (NM) (5701) |
| R/M of Tennessee G.P., Inc. (DE) (0819) | Southwest Ambulance of Southeastern Arizona, Inc. (AZ) (8415) |
| R/M of Tennessee L.P., Inc. (DE) (0821) | Southwest Ambulance of Tucson, Inc. (AZ) (3618) |
| RMC Corporate Center, L.L.C. (AZ) (4546) | Southwest General Services, Inc. (AZ) (7537) |
| Rural/Metro (Delaware) Inc. (DE) (1572) | SW General Inc. (AZ) (4455) |
| Rural/Metro Corporation (AZ) (4388) | The Aid Ambulance Company, Inc. (DE) (4432) |
| Rural/Metro Corporation (DE) (6929) | The Aid Company, Inc. (IN) (8091) |
| Rural/Metro Corporation of Florida (FL) (4668) | Towns Ambulance Service, Inc. (NY) (8281) |
| Rural/Metro Corporation of Tennessee (TN) (9245) | Valley Fire Service, Inc. (DE) (6188) |
| Rural/Metro Fire Dept., Inc. (AZ) (3445) | W & W Leasing Company, Inc. (AZ) (1806) |
| Rural/Metro Mid-South, L.P. (DE) (4413) | WP Rocket Holdings, Inc. (DE) (9609) |

## EXHIBIT A

**Proposed Order**

01:13977055.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re                                  :    Chapter 11
                                       :
Rural/Metro Corporation, et al.,[1]    :    Case No. 13-11952 (    )
                                       :
            Debtors.                   :    (Jointly Administered)
-------------------------------------------------------x

### ORDER AUTHORIZING (I) DEBTORS TO HONOR CERTAIN PREPETITION PRACTICES IN THE ORDINARY COURSE OF BUSINESS AND (II) PAYMENT OF SALES TAXES AND REGULATORY FEES

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the

above-captioned cases (collectively, the "**Debtors**") for an order, pursuant to sections 105(a),

363(b), 1107(a) and 1108(b) of title 11 of the United States Code (the "**Bankruptcy Code**"),

authorizing (i) the Debtors, in their discretion, to maintain certain prepetition practices, including

refunding overpayments and honoring prepayments, in the ordinary course of business; and (ii)

payment of sales taxes and regulatory fees; and upon consideration of the Motion and all

pleadings related thereto, including the Declaration of Stephen Farber in Support of Chapter 11

Petitions and First Day Pleadings; and it appearing that jurisdiction is proper pursuant to 28

U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware dated as of February 29, 2012; and due and sufficient

notice of the Motion having been given; and it appearing that no other or further notice need be

provided; and it appearing that the relief requested by the Motion is in the best interests of these

estates, their creditors and other parties in interest; and it appearing that the requirements of Rule

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

6003 of the Federal Rules of Bankruptcy Procedure have been satisfied because the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted to the extent set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect of the Prepetition Practices, without regard to whether the Debtors' obligations under the Prepetition Practices arose before or after the Petition Date.

4. The Debtors are authorized, but not directed, to continue, renew, replace, modify and/or terminate the Prepetition Practices as they deem appropriate, in their discretion, and in the ordinary course of business, without further application to the Court.

5. The Debtors are authorized, but not directed, to remit all amounts owed for prepetition Sales Taxes to the Taxing Authorities, in accordance with the Debtors' prepetition practice.

6. The Debtors are authorized, but not directed, to pay the prepetition Regulatory and Licensing Fees to the Regulatory Authorities in accordance with the Debtors' prepetition practice.

7. The Debtors are authorized, but not directed, to pay the prepetition CIA Costs in accordance with the Debtors' prepetition practice.

01:13977055.1

8.     The Debtors are authorized, but not directed, to maintain and continue to make all payments with respect to the CIA as they arise, in accordance with the Debtors' prepetition practice.

9.     The Banks are authorized to receive, honor, process and pay, to the extent of funds on deposit, any and all checks or electronic funds transfers drawn on the Debtors' bank accounts relating to the Prepetition Practices and Taxes, including those checks or electronic funds transfers that have not cleared the Banks, as applicable, as of the Petition Date.

10.     Nothing contained in this order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the performance, payments or credits provided under the Prepetition Practices to the extent they are not satisfied.

11.     Nothing in this order or the Motion shall be construed as impairing or prejudicing the Debtors' rights to contest the amount, classification or allowability of any Sales Taxes or Regulatory Fees asserted in these cases.

12.     Authorization to pay prepetition Sales Taxes or Regulatory Fees shall not create any additional obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay such Sales Taxes or Regulatory Fees, and nothing in this order shall be deemed to increase, reclassify, elevate to administrative expense status or otherwise affect the prepetition Sales Taxes or Regulatory Fees to the extent they are not paid.

13.     The relief granted herein shall not constitute an approval or assumption of the Prepetition Practices or any agreement or policy pursuant to section 365 of the Bankruptcy Code.

14.     Notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements

imposed on the Debtors under any order regarding debtor-in-possession financing or the use of

cash collateral, and (b) any claim for which payment is authorized pursuant to this Order that is

treated as an administrative expense of the Debtors' estates shall be and is subject and

subordinate to any and all claims, liens, security interests and priorities granted to the Debtors'

secured prepetition and postpetition lenders (and their respective agents) pursuant to any other

order of the Court (including any order regarding debtor-in-possession financing or the use of

cash collateral), and no payment shall be made on any such claim except as permitted under any

order regarding debtor-in-possession financing or the use of cash collateral.

15.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in

the Motion is necessary to avoid immediate and irreparable harm to the Debtors.  The

requirements of Bankruptcy Rules 6004(a) and 6004(h) are waived.

16.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2013

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

### Taxing Authorities

| Taxing Authority | Address |
|---|---|
| State of Alabama Revenue EFT Account | Compass Bank<br>P.O. Box 10566<br>Birmingham, AL 35296 |
| City of Avondale | 11465 W. Civic Center Drive<br>#270<br>Avondale, AZ 85323 |
| City of Chandler | P.O. Box 15001<br>Mail Stop 701<br>Chandler, AZ 85244 |
| City of Glendale | 5850 W. Glendale Avenue<br>Glendale, AZ 85301 |
| Tracorp, Inc. | 5621 W. Beverly Lane<br>Glendale, AZ 85306 |
| City of Mesa | P.O. Box 16350<br>Mesa, AZ 85211 |
| City of Peoria | Attn: Sales Tax Department<br>8401 W. Monroe Street<br>Peoria, AZ 85345 |
| Arizona Department of Revenue | P.O. Box 29010<br>Phoenix, AZ 85038 |
| City of Tempe | P.O. Box 29618<br>Phoenix, AZ 85038 |
| City of Tucson | Collections Section<br>P.O. Box 27320<br>Tucson, AZ 85726 |
| City of Arvada | 8101 Ralston Road<br>P.O. Box 8101<br>Arvada, CA 80001 |
| City of Los Angeles | Office of Finance<br>P.O. Box 513996<br>Los Angeles, CA 90051 |
| State Board of Equalization | P.O. Box 942879<br>Sacramento, CA 94279 |
| City of Aurora | Tax and Licensing Division<br>P.O. Box 33001<br>Aurora, CO 80041 |
| Colorado Department of Revenue | 1375 Sherman Street<br>Denver, CO 80261 |

| | |
|---|---|
| Manager of Revenue | City & County of Denver - Treasury Division<br>P.O. Box 17430<br>Denver, CO 80217 |
| City of Littleton | 1800 W. Belleview Avenue<br>Littleton, CO 80120 |
| City of Pueblo | Finance Department<br>P.O. Box 1427<br>Pueblo, CO 81002 |
| City of Wheat Ridge | 7500 W. 29th Avenue<br>Wheat Ridge, CO 80033 |
| Florida Department of Revenue | 5050 W. Tennessee Street<br>Tallahassee, FL 32399 |
| Georgia Department of Revenue | Sales & Tax Use Division<br>P.O. Box 105296<br>Atlanta, GA 30348 |
| Indiana Department of Revenue | P.O. Box 7218<br>Indianapolis, IN 46206 |
| Kentucky State Treasurer | Kentucky Department of Revenue<br>501 High Street<br>Frankfort, KY 40601 |
| Missouri Department of Revenue | Taxation Bureau<br>P.O. Box 840<br>Jefferson City, MO 65105 |
| Nebraska Department of Revenue | P.O. Box 98923<br>Lincoln, NE 68509 |
| Taxation and Revenue Department | P.O. Box 25128<br>Santa Fe, NM 87504 |
| New York State Sales Tax | NYS Sales Tax Processing<br>P.O. Box 15172<br>Albany, NY 12212 |
| Ohio Treasurer of State | Ohio Department of Taxation<br>P.O. Box 16561<br>Columbus, OH 43216 |
| South Dakota State Treasurer | Department of Revenue & Regulation<br>Remittance Center<br>P.O. Box 5055<br>Sioux Falls, SD 57117 |
| Tennessee Department of Revenue | Andrew Jackson State Office Building<br>500 Deaderick Street<br>Nashville, TN 37242 |
| City of Everett | P.O. Box 3587<br>Everett, WA 98124 |
| City of Issaquah | P.O. Box 1307<br>Issaquah, WA 98027 |

| Town of Ruston | 5117 N. Winnifred Street<br>Ruston, WA 98407 |
|----------------|------------------------------------------------|
| City of Bellevue | Lockbox<br>P.O. Box 34372<br>Seattle, WA 98124 |
| City of Seattle | P.O. Box 34907<br>Seattle, WA 98124 |
| State of Washington | Department of Revenue<br>P.O. Box 34051<br>Seattle, WA 98124 |
| City of Tacoma | Finance Department/Tax & Licensing Division<br>733 Market Street<br>Room 21<br>Tacoma, WA 98402 |

## EXHIBIT C

### Regulatory Authorities[1]

| Regulatory Authority | Address |
|---|---|
| Birmingham Regional Emergency Medical Services System | 1114 16th Street<br>Birmingham, AL 35205 |
| East Alabama Emergency Medical Services | 58 Speedway Industrial Drive<br>Lincoln, AL 35096 |
| Alabama Department of Insurance | 201 Monroe Street<br>Suite 502<br>Montgomery, AL 36104 |
| Alabama Department of Public Health - Office of EMS | P.O. Box 303017<br>Montgomery, AL 36130 |
| Arizona Department of Health Services Bureau of Emergency Medical Services & Trauma System | 150 N. 18th Avenue<br>Suite 540<br>Phoenix, AZ 85007 |
| Arizona Department of Insurance | 2910 N. 44th Street<br>Suite 210 Second Floor<br>Phoenix, AZ 85018 |
| Equal Employment Opportunity Commission - Phoenix District Office | 3300 North Central Avenue<br>Suite 690<br>Phoenix, AZ 85012 |
| National Labor Relations Board | 2600 N. Central Avenue<br>Suite 1400<br>Phoenix, AZ 85004 |
| National Labor Relations Board - Region 28 | 2600 N. Central Avenue<br>Suite 1800<br>Phoenix, AZ 85004 |
| Alameda County Environmental Health | 1131 Harbor Bay Parkway<br>Room 200<br>Alameda, CA 94502 |
| City of El Cerrito | 10890 San Pablo Avenue<br>Finance Department<br>El Cerrito, CA 94530 |
| Department of Fair Employment and Housing - California | 2218 Kausen Drive<br>Suite 100<br>Elk Grove, CA 95758 |
| Hayward Fire Department | 777 B Street<br>Hayward, CA 94541 |
| California Department of Insurance | 300 South Sprint Street<br>South Tower<br>Los Angeles, CA 90013 |
| City of Los Angeles Department of Transportation - Franchise Regulation Division | 100 S. Main Street<br>Room 01-080<br>Los Angeles, CA 90012 |

---

[1]     The Regulatory Authorities listed herein represent the Regulatory Authorities affected by the Motion.

| | |
|---|---|
| Contra Costa County EMS | 1340 Arnold Drive<br>Suite 126<br>Martinez, CA 94553 |
| Milpitas Fire Department | 455 E. Calaveras Boulevard<br>Milpitas, CA 95035 |
| California OSHA | 1515 Clay Street<br>Suite 1901<br>Oakland, CA 94612 |
| National Labor Relations Board - Region 32 | 1301 Clay Street<br>Suite 300N<br>Oakland, CA 94612 |
| Contra Costa County Fire Department | 2010 Geary Road<br>Pleasant Hill, CA 94523 |
| California State EMSA | 10901 Gold Center Drive<br>Suite 400<br>Rancho Cordova, CA 95670 |
| California Department of Health | 1615 Capitol Avenue<br>Sacramento, CA 95814 |
| California Highway Patrol | P.O. Box 94298<br>Sacramento, CA 94298 |
| California Weights and Measures | 6790 Florin Perkins Road<br>Suite 100<br>Sacramento, CA 95828 |
| Environmental Protection Agency | P.O. Box 1288<br>Sacramento, CA 95812 |
| San Diego County Health and Human Services Agency Division of EMS | 6255 Mission Gorge Road<br>San Diego, CA 92120 |
| California OSHA - Region 1 | 455 Golden Gate Avenue<br>Room 9516<br>San Francisco, CA 94102 |
| Northern California Regional Intelligence Center | 450 Golden Gate Avenue<br>14th Floor<br>P.O. Box 36102<br>San Francisco, CA 94102 |
| Emergency Medical Services- County of Santa Clara | 976 Lenzen Avenue<br>Suite 1217<br>San Jose, CA 95126 |
| Santa Clara County Environmental Health | 1555 Berger Drive<br>Suite 300<br>San Jose, CA 95112 |
| Alameda County EMS | 1000 San Leandro Boulevard<br>San Leandro, CA 94577 |
| Orange County Health Care Agency - Emergency Medical Services Agency | 405 W. Fifth Street<br>Suite 301A<br>Santa Ana, CA 92701 |
| Los Angeles County Emergency Medical Services Agency | 10100 Pioneer Boulevard<br>Suite 200<br>Santa Fe Springs, CA 90670 |

| | |
|---|---|
| Adams County Office of Emergency Management | 4430 S. Adams County Parkway<br>3rd Floor, C3000<br>Brighton, CO 80601 |
| Office of Risk Management | 2880 International Circle<br>Suite N060<br>Colorado Spring, CO 80910 |
| Department of Excise and Licensing - Wellington Webb Building | 201 W. Colfax Avenue<br>Room 2.H.9, Department 206<br>Denver, CO 80202 |
| Department of Regulatory Agencies | 1560 Broadway<br>Suite 850<br>Denver, CO 80202 |
| Office for Civil Rights | 999 18th Street<br>South Terrace, Suite 417<br>Denver, CO 80202 |
| State of Colorado Department of Public Health and Environment Emergency Medical Services | 4300 Cherry Creek Drive South<br>Denver, Co 80246 |
| Lamimer County Department of Health and Environment | 1525 Blue Spruce Drive<br>Fort Collins, CO 80524 |
| Jefferson County | 1801 19th Street<br>Golden, CO 80401 |
| Pueblo City-County Health Department | 101 W. 9th Street<br>Pueblo, CO 81003 |
| Federal Communication Commission | 445 12th Street, S.W.<br>Washington, DC 20536 |
| Office of the Inspector General Department of Health and Human Services | Administrative and Civil Remedies Branch, Office of Counsel to the Inspector General, Office of the Inspector General, US Department of Health and Human Services<br>Cohen Building, Room 5527<br>330 Independence Avenue, S.W.<br>Washington, DC 20201 |
| Osceola Fire Department | 2586 Partin Settlement Road<br>Kissimmee, FL 34744 |
| Orange County EMS | 2002-A E. Michigan Street<br>Orlando, FL 32806<br>OMD-4 |
| Seminole County Fire Department | 150 Bush Boulevard<br>Sanford, FL 32773 |
| Florida Department of Insurance Regulation | 200 East Gaines Street<br>Tallahassee, FL 32399 |
| Florida DPH EMS | 4052 Bald Cypres Way<br>Bin A-22<br>Tallahassee, FL 32399 |
| Sumter County Fire | 7375 Powell Road<br>Suite 129<br>Wildwood, FL 34785 |

| | |
|---|---|
| Equal Employment Opportunity Commission - Atlanta District Office | 100 Alabama Street, S.W Suite 4R30 Atlanta, GA 30303 |
| Georgia Department of Public Health Emergency Medical Services | 2600 Skyland Drive Lower Level Atlanta, GA 30319 |
| Equal Employment Opportunity Commission - Indianapolis District Office | 101 West Ohio Street Suite 1900 Indianapolis, IN 46204 |
| Indiana Department of Homeland Security - EMS Certifications | 302 W. Washington Street Indianapolis, IN 46204 |
| Indiana  Department of Insurance | 311 West Washington Street Suite 300 Indianapolis, IN 46204 |
| Iowa Bureau of EMS | 321 E. 12th Street Des Moines, IA 50319 |
| Kentucky Department of Insurance | 215 West Main Street Frankfort, KY 40601 |
| Kentucky Board of EMS | 118 James Court Suite 50 Lexington, KY 40505 |
| Drug Enforcement Agency | 717 West Broadway Louisville, KY 40202 |
| Centers for Medicare and Medicaid Services | 7500 Security Boulevard Baltimore, MD 21244 |
| Equal Employment Opportunity Commission - Minneapolis Area Office | 330 South Second Avenue Suite 720 Minneapolis, MN 55401 |
| Mississippi Department of Health | 570 East Woodrow Wilson Boulevard Jackson, MS 39216 |
| Mississippi Insurance Department | P.O. Box 79 Jackson, MS 39205 |
| Missouri Department of Insurance | 301 W. High Street Room 5360 Jefferson City, MO 65101 |
| State of Missouri Department of Health and Senior Services, Bureau of Emergency Medical Services | P.O. Box 570 Jefferson City, MO 65102 |
| EMS/Trauma Administrator | 220 South 17th Street Building 2 DHHS Office P.O. Box 95026 Lincoln, NE 68509 |
| Nebraska Department of Health and Human Services - Division of Public Health | P.O. Box 94986 Lincoln, NE 68509 |
| Nebraska Department of Insurance | 941 O Street P.O. Box 82089 Lincoln, NE 68501 |
| Insurance Service Offices (ISO) | 4B Eves Drive Suite 200 Marlton, NJ 08053 |

| | |
|---|---|
| R Squared | 29 Emmons Drive<br>Building B<br>Princeton, NJ 08540 |
| Bureau of Emergency Medical Services - New York State Department of Health | 875 Central Avenue<br>Albany, NY 12206 |
| New York State Department of Labor | 65 Court Street<br>Room 202<br>Buffalo, NY 14202 |
| New York State Department of Financial Services | One State Street<br>New York, NY 10004 |
| Equal Employment Opportunity Commission - Cleveland Field Office | 1240 East 9th Street<br>Suite 3001<br>Cleveland, OH 44199 |
| Ohio Department of Insurance | 50 W. Town Street<br>Third Floor - Suite 300<br>Columbus, OH 43215 |
| Ohio Emergency Medical Services | 1970 West Broad Street<br>Columbus, OH 43223 |
| Ohio Medical Transportation Board | 4200 Surface Road<br>Columbus, OH 43228 |
| State of Ohio Board of Pharmacy | 77 South High Street<br>Room 1702<br>Columbus, OH 43215 |
| Global Compliance Services, Inc. | 6000 Meadows Road<br>#200<br>Lake Oswego, OR 97035 |
| Oregon Insurance Division | 350 Winter Street, N.E.<br>Salem, OR 97301 |
| Compliance Concepts, Inc. | Stonewood Commons II<br>103 Bradford Road<br>Suite 320<br>Wexford, PA 15090 |
| Erica Rochelle & Associates | 2525 Clark Street<br>Columbia, SC 29201 |
| South Dakota Department of EMS | Department of Public Safety<br>118 West Capitol Avenue<br>Pierre, SD 57501 |
| South Dakota Department of Insurance | 445 E. Capitol Avenue<br>Pierre, SD 57501 |
| Minnehaha County Commission Office | 415 N. Dakota Avenue<br>Sioux Falls, SD 57104 |
| REMSA | Mayor's Office<br>224 W. Ninth Street<br>City Hall - First Floor<br>P.O. Box 7402<br>Sioux Falls, SD 57117 |
| Sioux Falls Regional Emergency Medical Services Authority - Health Department | 52 North Main Avenue<br>Sioux Falls, SD 57104 |

| | |
|---|---|
| South Dakota Osteopathic Board | 101 N. Main Avenue<br>Suite 301<br>Sioux Falls, SD 57104 |
| McMinn County Courthouse | 6 E. Madison Avenue<br>Athens, TN  37303 |
| McMinn County Emergency Management Agency | 1107 South Congress Parkway<br>Athens, TN  30303 |
| Polk County | P. O. Box 128<br>Benton, TN  37307 |
| Polk County Civil Defense | P. O. Box 128<br>Benton, TN  37307 |
| State EMS Service Licensure/Renewals, Vehicle Permits | 540 McCallie Avenue<br>Suite 450<br>Chattanooga, TN  37402 |
| Tennessee Department of Health Office of EMS | 540 McCallie Avenue<br>Suite 450<br>Chattanooga, TN  37402 |
| City County Building, Department of Finance | 400 Main Street<br>Suite 630<br>Knoxville, TN 37902 |
| Knox County Health Department | 140 Dameron Avenue<br>Knoxville, TN 37917 |
| Tennessee Department of Health Office of EMS | Lakeshore Park Bldg. 1<br>5904 Lyons View Pike<br>Knoxville, TN 37919 |
| Loudon County | 100 River Road<br>Suite 106<br>Loudon, TN  37774 |
| Blount County Courthouse | 341 Court Street<br>Maryville, TN  37804 |
| Equal Employment Opportunity Commission - Nashville Area Office | 220 Athens Way<br>Suite 250<br>Nashville, TN 37228 |
| State of Tennessee Department of Health EMS Division | 227 French Landing<br>Suite 303<br>Nashville, TN  37243 |
| State of Tennessee Division of Fire Prevention | 500 James Robertson Parkway<br>Nashville, TN  37243 |
| Tennessee Department of Commerce and Insurance | 500 James Robertson Parkway<br>Nashville, TN 37243 |
| Tennessee Department of Revenue | 500 Deaderick St.<br>Andrew Jackson State Office Building<br>Nashville, TN 37242 |
| County Clerk, Franklin County | 1 Jefferson Street<br>Winchester, TN  37398 |
| Drug Enforcement Agency | 8701 Morrissette Drive<br>Springfield, VA 22152 |
| Snohomish County Department of Emergency Medical Services | 12425 Meridian Avenue S.<br>Everett, WA 98208 |

| Washington State Department Of Health Office of Emergency Medical Services and Trauma Systems | P.O. Box 47853<br>Olympia, WA 98504 |
|---|---|
| King County Department of Emergency Medical Services | 401 5th Avenue<br>Suite 1200<br>Seattle, WA 98104 |
| Pierce County Department of Emergency Management, Emergency Medical Services | 2501 S. 35th Street<br>Suite D<br>Tacoma, WA 98409 |
| Washington State Office of the Insurance Commissioner | 5000 Capital Boulevard, S.E.<br>Tumwater, WA 98501 |