

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                            :   Chapter 11
                                                 :
Rural/Metro Corporation, et al.,[1]              :   Case No. 13-11952 (KJC)
                                                 :
                  Debtors.                       :   (Jointly Administered)
                                                 :   Re: Docket No. 6
---------------------------------------------------x

## INTERIM ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) SETTING A FINAL HEARING RELATED THERETO

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), requesting entry of interim and final orders pursuant to section 366 of title 11 of the United States Code (the "**Bankruptcy Code**"): (i) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services; (ii) deeming Utility Companies adequately assured of future performance; (iii) establishing procedures for determining adequate assurance of payment, and (iv) setting a final hearing related thereto, all as described more fully in the Motion; and upon the Declaration of Stephen Farber In Support of Chapter 11 Petitions and First Day Pleadings; and it appearing that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and due and sufficient notice of the Motion having been given; and it

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, and DECREED that:**

1. The Motion is granted on an interim basis to the extent provided herein.

2. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

4. The Debtors shall, on or before twenty (20) days after the Petition Date, deposit a sum of $475,000, equal to 50% of the Debtors' estimated monthly cost of the Utility Services (the "**Utility Deposit**") into a segregated bank account (the "**Utility Deposit Account**"), with such Utility Deposit to be held in escrow, pending further order of the Court, which shall constitute adequate assurance of payment for each Utility Company for postpetition Utility Services provided to the Debtors. The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

5. The Utility Deposit Account shall be maintained with a minimum balance of $475,000, equal to 50% of the Debtors' estimated monthly cost of Utility Service, which may be adjusted by the Debtors (i) to account for the termination of Utility Services by the Debtors regardless of any Requests (as defined in the Motion) and/or agreements with Utility Companies, and (ii) in accordance with the terms of any agreement between the Debtors and the affected Utility Company.

6.  Pending entry of the Final Order, the Utility Companies are prohibited from altering, refusing or discontinuing Utility Services on the basis of the commencement of the Debtors' Chapter 11 Cases or on account of any unpaid invoice for Utility Services or on account of any objections to the Debtors' proposed adequate assurance provided before the Petition Date, and requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services.

7.  If any Utility Company believes additional Adequate Assurance is required, it may request such additional assurance by serving a written request (a "**Request**") upon (A) counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Rachel C. Strickland, Esq. (e-mail: rstrickland@willkie.com ; facsimile: (212) 728-8900) or Daniel I. Forman, Esq. (e-mail: dforman@willkie.com; facsimile: (212) 728-8900) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19899-0391, <u>Attention</u>: Maris Kandestin, Esq. (e-mail: mkandestin@ycst.com; facsimile: (302) 576-3318), and (B) counsel for the administrative agent (the "**Agent**") under the Debtors' prepetition and postpetition secured credit agreements, Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York, New York 10166; Attn: David M. Feldman (e-mail: dfeldman@gibsondunn.com) and Matthew K. Kelsey (e-mail: mkelsey@gibsondunn.com); and Pepper Hamilton LLC, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899; Attn: David B. Stratton (e-mail: strattond@pepperlaw.com), (i) setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account, (ii) providing a report on and certifying the Debtors' payment history on each account

for the previous twelve months, (iii) disclosing any existing security deposit and (iv) providing an explanation of why the Utility Deposit is not Adequate Assurance of payment.

8. Without further order of the Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and/or extending the Debtors time to file a Determination Motion (as defined below).

9. If the Debtors believe a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request (or such later date agreed to by the Debtors and the requesting party), file a motion (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment.

10. Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

11. The Utility Deposit shall be deemed Adequate Assurance of payment for any Utility Company that fails to make a Request.

12. Pending resolution of any such Determination Motion, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of the Chapter 11 Cases, unpaid charges for prepetition services or on account of any objections to the Debtors' proposed Adequate Assurance.

13. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

14. The Debtors may supplement the list of Utility Companies set forth on Exhibit C to the Motion, and nothing contained herein shall prejudice the Debtors' right to dispute whether any of the entities now or hereafter listed on Exhibit C to the Motion are "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

15. Notwithstanding anything contained herein, and based upon the representations placed on the record at the hearing, this Interim Order shall not apply to Saia Communications Inc. or Nation Fuel Resources Inc.

16. The deadline by which objections to the Motion and the Final Order must be filed is August 21, 2013 at 4:00 p.m. (ET). Objections must be served on (i) counsel to the Debtors; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attention: Mark Kenney, Esq. (E-Mail: mark.kenney@usdoj.gov); (iii) counsel to the Agent; and (iv) counsel to any statutory committee appointed in these cases. A final hearing, if required, on the Motion will be held on August 28, 2013 at 1:00 p.m. (ET). If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

Dated: Aug 6, 2013
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:13977155.2