IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------x
In re                                               :   Chapter 11
                                                    :
Rural/Metro Corporation, et al.,[1]                 :   Case No. 13-11952 (KJC)
                                                    :
          Debtors.                                  :   (Jointly Administered)
                                                    :
                                                    :   Hearing Date: August 28, 2013 at 1:00 p.m. (ET)
                                                    :   Obj. Deadline: August 21, 2013 at 4:00 p.m. (ET)
----------------------------------------------------x

## DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The debtors and debtors in possession in the above-captioned cases (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), establishing procedures for the interim compensation and reimbursement of expenses of professionals during this case. In support of the Motion, the Debtors respectfully represent:

### BACKGROUND

1.       On August 4, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in the

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

01:13988354.2

possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

2. As of the date hereof, no official committee of unsecured creditors has been appointed.

3. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2].

## JURISDICTION

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016 and Local Rule 2016-1.

## RETENTION OF PROFESSIONALS

5. Concurrently herewith, the Debtors have filed applications seeking authority, pursuant to section 327(a) and/or 328 of the Bankruptcy Code, to retain and employ Young Conaway Stargatt & Taylor, LLP ("**YCST**") and Willkie Farr & Gallagher LLP ("**WF&G**") as restructuring co-counsel, FTI Consulting, Inc. as financial advisor to the Debtors ("**FTI**"), Alvarez & Marsal Healthcare Industry Group, LLC, as financial advisor to the Debtors

01:13988354.2

2

("**A&M**"), Lazard Frères & Co. L.L.C. as Investment Banker to the Debtors ("**Lazard**") and Donlin, Recano & Company, Inc. to provide certain administrative services to the Debtors ("**DRC**"). The Debtors anticipate that it may need to retain other professionals in these cases under section 327(a) of the Bankruptcy Code, which professionals would likewise be subject to compensation and reimbursement procedures set forth in this Motion. In addition, if a statutory committee of unsecured creditors (a "**Committee**") is appointed in these cases, it likely will seek to retain counsel and other professionals pursuant to section 1103 of the Bankruptcy Code to assist in the performance of its statutory duties (such professionals, collectively with YCST, WF&G, FTI, A&M, Lazard and DRC, the "**Professionals**").

## RELIEF REQUESTED

6.  By this Motion, the Debtors request entry of an order authorizing and establishing procedures for compensating and reimbursing Professionals on a monthly basis, on terms comparable to the procedures established in other chapter 11 cases in this district. Such an order would enable the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and all other parties to streamline the professional compensation process and monitor more effectively the professional fees incurred in these chapter 11 cases.

7.  Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

(a)  No earlier than the 15th day of each calendar month, each Professional seeking interim compensation may file an application (the "**Monthly Fee Application**"), pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any month or months (the "**Compensation Period**") and serve a copy of such Monthly Fee Application on the following parties: (i) the Debtors, Rural/Metro

01:13988354.2

3

Corporation, 9221 E. Via de Ventura, Scottsdale, AZ 85258 (Attn: Stephen Farber); (ii) co-counsel to the Debtors: (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Rachel C. Strickland and Daniel I. Forman), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton and Maris J. Kandestin); (iii) the Office of the United States Trustee, 844 King St., Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to the consenting noteholders, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 S. Wacker Drive, Chicago, IL 60606 (Attn: David Heller); (v) counsel to the consenting lenders, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman); and (vi) counsel to any Committee that may be appointed in the Debtors chapter 11 cases (each a "**Notice Party**" and collectively, the "**Notice Parties**"). Any Professional that does not file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law and the Local Rules of the Court. Each Notice Party will have 15 days after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay each Professional an amount (the "**Actual Interim Payment**") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Interim Payment**"); and (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (b) below.

(b) If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection (an "**Objection**") with the Court and serve it on the affected Professional and each of the Notice Parties on or before the Objection Deadline; provided, however, that on written notice to the other Notice Parties, the applicable Professional may agree to extend such objecting party's Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Interim Payment and the Actual Interim Payment made to the affected Professional (the "**Incremental Amount**"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(c) Beginning with the period beginning on the Petition Date and ending on October 31, 2013, and at three-month intervals or at such other intervals convenient to the Court, each of the Professionals may file with the Court and serve on the Notice Parties a request (an "**Interim Fee Application Request**") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "**Interim Fee Period**"). The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules, including Local Rule 2016-2. An Interim Fee Application may be filed with the Court and served upon the Notice Parties within 45 days after the end of the applicable Interim Fee Period. Objections, if any, to an Interim Fee Application shall be filed with the Court and served upon the affected Professional and each of the Notice Parties on or before the 15th day following service of the applicable Interim Fee Application. Each Professional may file its first Interim Fee Application on or before December 3, 2013, and the first Interim Fee Applications may cover the Interim Fee Period from the Petition Date through and including October 31, 2013.

(d) To the extent applicable in these chapter 11 cases, the Debtors shall request that the Court schedule a hearing on Interim Fee Application Requests at least once every six months, or at such other intervals as the Court deems appropriate. The Debtors may, however, request that a hearing be held every 3 months or at such other intervals as the Court deems appropriate.

(e) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(f) Neither: (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of or failure to file an Objection, shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

8. The Debtors also request that to the extent a Committee is appointed, each member of a Committee be permitted to submit statements of expenses (excluding third-party counsel's fees and expenses of individual Committee members) and supporting vouchers to counsel for the Committee, which shall collect and submit such requests for reimbursement in

01:13988354.2

accordance with the Compensation Procedures; <u>provided, however,</u> that Committee members' requests for reimbursement of attorneys' fees must be made by separate application and scheduled for hearing upon proper notice. Further, approval of these Compensation Procedures will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, applicable law, the Bankruptcy Rules, the Local Rules or the practices of the Court.

9. The Debtors further request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices (as defined below) as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "**Hearing Notices**"); and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices. Providing notice of fee applications in this manner will permit the parties most active in these chapter 11 cases to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

10. The Debtors will include all payments made to Professionals in accordance with the compensation procedures set forth herein in its monthly operating reports identifying the amount paid to each of the Professionals.

11. These proposed procedures will allow the Debtors to closely monitor administration costs and more accurately forecast cash flows. Further, the proposed Compensation Procedures will enable the Court, the U.S. Trustee, and other key parties in interest to ensure that compensation and reimbursement sought pursuant to such procedures is reasonable and necessary.

## BASIS FOR RELIEF REQUESTED

12. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 of the Bankruptcy Code limits Professionals rendering services in this chapter 11 case to payment of fees and expenses only three times per year.

13. Congress' intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

14. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). As set forth below, courts regularly have entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals

01:13988354.2

7

on a monthly basis. "Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000). Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization case, the complexity of the issues involved, and the time required on the part of the attorneys for the Debtors in providing services necessary to achieve a successful reorganization of the Debtors." In re International Horizons, Inc., 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the debtor's reorganization proceedings. See id. at 897.

15.  The Debtors submit that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. See, e.g., In re Highway Technologies, Inc., Case No. 13-11326 (KJC) (Bankr. D. Del. June 11, 2013); In re Penson Worldwide, Inc., Case No. 13-10061 (PJW) (Bankr. D. Del. Feb. 7, 2013); In re Ultimate Acquisition Partners, L.P., Case No. 11-10245 (MFW) (Bankr. D. Del. Feb. 23, 2011); In re Appleseed's Intermediate Holdings, LLC, Case No. 11-10160 (KG) (Bankr. D. Del. Feb. 18, 2011); In re Constar International, Inc., Case No. 11-10109 (CSS) (Bankr. D. Del. Feb. 1, 2011); In re HMP Services Holding Sub III, LLC, Case No. 10-13618 (BLS) (Bankr. D. Del. Dec. 12, 2010); Trico Marine Services, Inc., Case No. 10-12653 (BLS) (Bankr. D. Del. Sept. 22, 2010); In re Chem RX Corp., Case No. 10-11567 (MFW) (Bankr. D. Del. June 9, 2010); In re International Aluminum Corp., Case No. 10-10003 (MFW) (Bankr. D. Del. Mar. 2, 2010); In re SP Wind Down, Inc., Case No. 10-10352 (KG) (Bankr. D. Del. Mar. 2, 2010); In re TLG Liquidation LLC, Case No.10-10206 (MFW) (Bankr. D. Del. Feb. 19, 2010).

16.     The Debtors further submit that the efficient administration of these chapter 11 cases will be significantly aided by implementing the Compensation Procedures. The Debtors' chapter 11 cases present numerous complex issues that must be addressed by the Debtors' limited staff and resources. Absent streamlined compensation procedures, the professional fee application and review process could create an exceptional burden to the Debtors, the Court, the Professionals and other parties in interest, especially considering the large number of Professionals expected to be involved in this case. In contrast, the proposed Compensation Procedures will greatly simplify the process and preempt unnecessary Court involvement. Accordingly, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estate and creditors and, therefore, should be granted.

## **NOTICE**

17.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel; (c) counsel to Wells Fargo, indenture trustee for the Debtors' senior unsecured notes; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just or proper.

Dated: August 7, 2013
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

<u>/s/ Maris J. Kandestin</u>
Edmon L. Morton (No. 3856)
Maris J. Kandestin (No. 5294)
Ashley E. Markow (No. 5635)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
(302) 571-1253 (Fax)
emorton@ycst.com
mkandestin@ycst.com
amarkow@ycst.com

-and-

WILLKIE FARR & GALLAGHER LLP
Matthew A. Feldman
Rachel C. Strickland
Daniel I. Forman
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
(212) 728-8111 (Fax)
mfeldman@willkie.com
rstrickland@willkie.com
dforman@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*