## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re                                                :    Chapter 11
                                                     :
Rural/Metro Corporation, et al.,  1                  :    Case No. 13-11952 (KJC)
                                                     :
                        Debtors.                     :    (Jointly Administered)
                                                     :
                                                     :    Hearing Date:  August 28, 2013 at 1:00 p.m. (ET)
                                                     :    Obj. Deadline:  August 21, 2013 at 4:00 p.m. (ET)
-----------------------------------------------------x
```

### DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a), 330 AND 331 AND, RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 2014-1 FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC., AS ADMINISTRATIVE AGENT FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby submit this application (the "**Section 327 Application**"), for entry of an order under sections 327(a), 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the employment and retention of Donlin, Recano & Company, Inc. ("**DRC**") as administrative agent for the Debtors in these chapter 11 cases (the "**Administrative Agent**") *nunc pro tunc* to the Petition Date.  In support of the Section 327 Application, the Debtors rely upon and incorporate

---

[1]     A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc.  The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

by reference the Declaration of Stephen Farber in Support of Chapter 11 Petitions and First Day Pleadings (the "**Farber Declaration**"), and the Affidavit of Colleen McCormick In Support of Debtors' Application Pursuant to 11 U.S.C. §§ 327(a), 330 and 331, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 Authorizing the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtors *Nunc Pro Tunc* to the Petition Date (the "**DRC Affidavit**"), a copy of which is attached hereto as <u>Exhibit B</u>.  In further support of the Section 327 Application, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Section 327 Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Section 327 Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a), 330, 331, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

**BACKGROUND**

2.      On August 4, 2013 (the "**Petition Date**"), Rural/Metro Corporation ("**Rural/Metro**") and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only.  As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

2

3.    The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Farber Declaration.

## RELIEF REQUESTED

4.    By this Section 327 Application, the Debtors seek entry of an order authorizing them to employ and retain DRC as Administrative Agent for the Debtors pursuant to the terms and conditions of the Voting and Consulting Services Agreement (the "**Services Agreement**"), a copy of which is attached hereto as Exhibit A.

5.    In addition to this Section 327 Application, the Debtors filed an application on the Petition Date under 28 U.S.C. § 156(c) for authorization to retain DRC to serve as the claims and noticing agent in these cases (the "**Section 156(c) Application**").  Given that the administration of these cases will require DRC to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtors supplement the Section 156(c) Application with this Section 327 Application.

11 U.S.C. § 327(a) provides that a debtor, subject to Court approval:

. . . [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

. . . [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

## SERVICES TO BE RENDERED

6.     The Debtors seek to retain DRC to provide, among other things, the following

bankruptcy administrative services, if and to the extent requested:

> (a)     Assist with, among other things, solicitation, balloting and tabulation and calculation of votes, as well as preparing any appropriate reports, as required in furtherance of confirmation of plan(s) of reorganization (the "**Balloting Services**");
>
> (b)     Generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;
>
> (c)     In connection with the Balloting Services, handle requests for documents from parties in interest, including, if applicable, brokerage firms and bank back-offices and institutional holders;
>
> (d)     Gather data in conjunction with the preparation, and assist with the preparation, of the Debtors' schedules of assets and liabilities and statements of financial affairs;
>
> (e)     Provide a confidential data room, if requested;
>
> (f)     Managing and coordinating any distributions pursuant to a confirmed plan of reorganization or otherwise; and
>
> (g)     Provide such other processing, solicitation, balloting and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Clerk.

7.     DRC's vast experience in bankruptcy administrative services and in facilitating

the solicitation of plan votes has led the Debtors to seek to retain DRC as Administrative Agent

to assist the Debtors in performing certain administrative functions, including plan-related

solicitation services such as vote tabulation, noticing, consultation, and if necessary, distribution

of voting documents to the creditors entitled to vote on the plan.

## QUALIFICATIONS

8.     The Debtors believe that DRC is well-qualified to serve in the capacity as

Administrative Agent and that DRC's retention is in the best interests of the Debtors' estates,

4

creditors, and other parties-in-interest.  The Debtors chose DRC based on both its experience and

the competitiveness of its fees.  DRC has provided identical or substantially similar services in

other Chapter 11 cases filed in this District and elsewhere, including, among others:  In re Handy

Hardware Wholesale, Inc., Case No. 13-10060 (MFW) (Bankr. D. Del. Apr. 10, 2013); In re

Saab Cars North America, Inc., Case No. 12-10344 (CSS) (Bankr. D. Del. Mar. 2, 2012); In re

Wolverine Tube, Inc., et al., Case No. 10-13522 (PJW) (Bankr. D. Del. Nov. 2, 2010); In re: The

Penn Traffic Company, et al., Case No. 09-14078 (PJW) (Bankr. D. Del. Nov. 19, 2009); In re:

Butler Services International, Inc., et al., Case No. 09-11914 (KJC) (Bankr. D. Del. June 3,

2009); In re: Lillian Vernon Corporation, et al., Case No. 08-10323 (BLS) (Bankr. D. Del. Feb.

21, 2008); In re: Hancock Fabrics, Inc., et al., Case No. 07-10353 (BLS) (Bankr. D. Del. Apr. 13,

2007); In re Freedom Rings, LLC, Case No. 05-14268 (CSS) (Bankr. D. Del. Oct. 18, 2005).

## COMPENSATION

9.      The Debtors propose to compensate DRC in accordance with the Services

Agreement.  The Services Agreement sets forth the proposed hourly consulting fee rates, which

are subject to adjustment based on DRC's ordinary billing practices.  Consistent with company

policy with respect to its other clients, DRC will charge the Debtors for all services provided and

for other charges and disbursements incurred in the rendition of services.  These charges and

disbursements include (without limitation) costs for photocopying, electronic data management

services, including scanning and document imaging, travel, travel-related expenses, meals,

messengers, couriers, postage and other fees related to the services.

10.      During the course of these cases, DRC will apply to the Court for allowance of

compensation for professional services rendered and reimbursement of expenses incurred in

connection with the services rendered under the Services Agreement, in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

11.     Prior to the Petition Date, the Debtors paid DRC a retainer of $25,000.00 in connection with its proposed retention as claims and noticing agent in these cases pursuant to the Section 156(c) Application.  For the avoidance of doubt, none of the postpetition fees of DRC as administrative agent under the Section 327 Application will be paid except as directed by order of this Court.

12.     Additionally, DRC will also seek compensation for all time and expenses associated with preparation of any monthly fee statements and/or interim and final fee applications.

13.     The Debtors believe that the rates to be charged by DRC for its services are competitive and are either at or below the rates charged by its competitors.

## DISINTERESTEDNESS

14.     The Debtors understand that except as otherwise set forth in the accompanying DRC Affidavit and other than in connection with this case, DRC and its employees: (a) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware or any person employed in the offices of the same with respect to any matter for which it will be employed; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the estates.

6

In the DRC Affidavit, DRC represents, among other things, that:

(a)     it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the administrative agent in these cases;

(b)     by accepting employment in these cases, DRC waives any right to receive compensation from the United States government in connection with these chapter 11 cases;

(c)     it is not an agent of the United States and is not acting on behalf of the United States in these cases;

(d)     it will not misrepresent any fact to the public; and

(e)     it will not employ any past or present employees of the Debtors in connection with its work as Administrative Agent in these chapter 11 cases.

15.     DRC will conduct an ongoing review of its files to ensure that no conflict or other disqualifying circumstances exist or arise.  If any new facts are discovered, DRC will supplement its disclosure to the Court.

16.     For the foregoing reasons, the Debtors believe that the retention of DRC is in their best interest and the best interests of their estates, creditors, and other parties-in-interest, and therefore, the Debtors desire to retain and to employ DRC as their Administrative Agent upon the terms set forth herein and in the Services Agreement.

## NOTICE

17.     Notice of this Section 327 Application has been provided to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel;  (c) Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the filing

of this Section 327 Application. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form of Exhibit C, authorizing DRC to act as Administrative Agent to the Debtors, and granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  August 7, 2013
            Wilmington, Delaware

Rural/Metro Corporation, et al.
Debtors and Debtors in Possession


Stephen Farber
Authorized Signatory