IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
Rural/Metro Corporation, et al.,[1]                :    Case No. 13-11952 (KJC)
                                                   :
             Debtors.                      :    (Jointly Administered)
                                                   :    **Hearing Date: August 28, 2013 at 1:00 p.m. (ET)**
                                                   :    **Obj. Deadline: August 21, 2013 at 4:00 p.m. (ET)**
---------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER PURSUANT TO SECTIONS 501 AND 502(b) OF
THE BANKRUPTCY CODE AND RULES 2002 AND 3003(c)(3):
(I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Rural/Metro Corporation and its affiliated debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A, (i) establishing deadlines for filing proofs of claim against the Debtors in these chapter 11 cases and (ii) approving the form and manner of notice thereof. In support of this Motion, the Debtors, by and through their undersigned proposed co-counsel, respectfully represent:

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 501, 502,

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

01:13979974.4

and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

2.  On August 4, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

3.  The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Stephen Farber In Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 2].

4.  The Debtors have not yet filed their Schedules of Assets and Liabilities (the "**Schedules**"). Nonetheless, the Debtors propose to give all creditors approximately 30 days' notice of the Bar Dates (defined below) after filing their Schedules, which will provide creditors with ample time to review the Schedules and their own records and file a proof of claim if necessary.[2]

---

[2] Pursuant to Rule 1007-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors must file their Schedules and Statements of Financial Affairs (the "**SOFAs**") by September 3, 2013. Contemporaneously herewith, the Debtors have filed a motion to extend their deadline to file their Schedules and SOFAs through and including October 3, 2013, but hope to have their Schedules and SOFAs filed in advance of the proposed extended deadline.

01:13979974.4

## Relief Requested

5.   By this Motion, the Debtors request, pursuant to Bankruptcy Rule 3003(c)(3), entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Bar Date Order**"), (a) establishing the deadline and related procedures for filing proofs of claim in the Chapter 11 Cases and (b) approving the form and manner of notice thereof.

## Basis for Relief Requested

**A.   The Bar Dates**

6.   In order for the Debtors to fully administer their chapter 11 estates and make distributions under a plan of reorganization, the Debtors must obtain complete and accurate information regarding the nature, validity, and amount of all claims that will be asserted in the Chapter 11 Cases.

7.   The filing of proofs of claim in a chapter 11 case generally is governed by Bankruptcy Rule 3003(c)(3), which provides in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against the Debtors that (a) is not scheduled in the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court, or such creditor shall not be treated as a creditor with respect to such claim for voting and distribution purposes.

8.   **General Bar Date.** By this Motion, the Debtors request that, pursuant to the Proposed Bar Date Order, the Court establish **5:00 p.m. (prevailing Eastern Time) on the date which is 30 days after the Service Date** (as defined below) (the "**General Bar Date**") as

the deadline for each person or entity[3] (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), with the exception of governmental units, to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim, as defined in section 101(5) of the Bankruptcy Code (each a "**Claim**"), including, without limitation, any claims under section 503(b)(9) of the Bankruptcy Code (each, a "**503(b)(9) Claim**"), secured claims, and priority claims against the Debtors.

9. Within 5 business days of the later of: (i) the entry of the order approving this Motion and (ii) filing their Schedules, the Debtors will serve, through their claims agent Donlin, Recano & Company, Inc. ("**DRC**"), the Bar Date Notice and a Proof of Claim Form (each as defined below) upon all known entities holding potential Claims. The date upon which the Debtors commence service of the Bar Date Notice and Proof of Claim Form is referred herein as the "**Service Date**"). The Debtors request that the Court establish the General Bar Date as 5:00 p.m. (prevailing Eastern Time) on the date which is 30 days after the Service Date. This will ensure that potential creditors receive approximately 30 days' notice after the Service Date for creditors (other than governmental units) to file their Claims in the Chapter 11 Cases. Moreover, on the actual Service Date, the Debtors will file a notice indicating the exact calendar date of the General Bar Date.

10. **Government Bar Date.** Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11 U.S.C. § 502(b)(9). The Debtors further propose that the Court establish **January 31, 2014 at 5:00 p.m. (prevailing Eastern Time)** (the "**Government Bar

---

[3]  As defined herein, "entity" shall have the meaning set forth in section 101(15) of the Bankruptcy Code.

**Date**") as the deadline for all governmental units[4] to file a Proof of Claim in the Chapter 11 Cases on account of alleged Claims.

11. **Amended Schedules Bar Date**. In the event that the Debtors amend their Schedules to (a) designate a Claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a Claim reflected therein, (c) change the classification of a Claim reflected therein, (d) add a Claim that was not listed on the Schedules, or (e) remove a Claim that was initially listed therein, the Debtors shall notify the claimant of the amendment. Pursuant to Local Rule 1009-2, the deadline for any holder of a Claim so designated, changed, added, or removed to file a Proof of Claim on account of any such Claim shall be **the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 21 days after the Debtors provide notice to the holder of the amendment** (the "**Amended Schedules Bar Date**").

12. **Rejection Bar Date**. Certain entities may assert Claims (each, a "**Rejection Damage Claim**") in connection with the Debtors' rejection of executory contracts and/or unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that asserts a Rejection Damage Claim must file a Proof of Claim based on such rejection by **the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days following the entry of the order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damage Claim is a party** (the "**Rejection Bar Date**," and together with the General Bar Date, the Government Bar Date, and the Amended Schedules Bar Date, the "**Bar**

---

[4] As defined herein, "governmental unit" shall have the meaning set forth in section 101(27) of the Bankruptcy Code.

**Dates**"). Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a Rejection Damage Claim), unless such party is expressly excluded from filing a Proof of Claim, must file a Proof of Claim for such amounts on or before the applicable Bar Date or be forever barred, estopped, and permanently enjoined from asserting such Claim.

13. Fixing of the Bar Dates will enable the Debtors to receive, process, and begin their analysis of creditors' asserted Claims in a timely and efficient manner and to proceed to expeditiously conclude the administration of the Chapter 11 Cases. Based on the procedures set forth below, the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

**B.    The Proposed Procedures for Filing Proofs of Claim**

14. Pursuant to the Proposed Bar Date Order, the Debtors propose the following procedures for filing Proofs of Claim:

(a) A Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially to the Proof of Claim Form (as defined below) or Official Bankruptcy Form No. 10 ("**Official Form 10**");[5] (iv) set forth with specificity the legal and factual basis for the alleged Claim; (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(b) A Proof of Claim shall be deemed timely filed only if the Proof of Claim is mailed or delivered by hand, courier or overnight service so as to be **actually received** by DRC on or before the applicable Bar Date at the following address:

---

[5]    Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

01:13979974.4

6

>If by United States Postal Service:
>
>>Donlin, Recano & Company, Inc.
>>Re: Rural/Metro Corporation, *et al.*
>>P.O. Box 2047
>>Murray Hill Station
>>New York, NY 10156
>
>If by overnight courier or hand delivery:
>
>>Donlin, Recano & Company, Inc.
>>Re: Rural/Metro Corporation, *et al.*
>>419 Park Avenue South, Suite 1206
>>New York, NY 10016

(c) Proofs of Claim sent by facsimile, telecopy, electronic mail, or other form of electronic transmission will not be accepted.

**C.  Parties Required to File Proofs of Claim by the Bar Dates**

15. The Debtors propose that each of the following entities that fails to file a Proof of Claim by the applicable Bar Date with respect to a Claim should be forever barred, estopped, and permanently enjoined from: (a) asserting such Claim, whether directly or indirectly, against the Debtors, their successors and assigns or their property (or filing a proof of claim with respect thereto); (b) participating in any voting or distribution under any plan of reorganization that is filed in the Chapter 11 Cases on account of such Claim; and (c) receiving any further notices regarding such Claim:

>(a) any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed in the Schedules but is listed therein as disputed, contingent, or unliquidated and that desires to participate in the Chapter 11 Cases or share in any distribution under any confirmed chapter 11 plan in the Chapter 11 Cases;
>
>(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and
>
>(c) any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed

and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

**D.   Parties Not Required to File Proofs of Claim by the Bar Dates**

16. Pursuant to the Proposed Bar Date Order, the following persons or entities whose Claims would otherwise be subject to a Bar Date, need **not** file a Proof of Claim on or before the applicable Bar Date with respect to the Claims described below:

(a) Any person or entity whose Claim is listed on the Schedules and (i) whose Claim is not described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules; and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b) Any person or entity whose Claim has been paid in full by the Debtors;

(c) Professionals retained by the Debtors or any statutory committee appointed in the Chapter 11 Cases (the "**Committee**") pursuant to orders of this Court which assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 328, 330, 331 and 503(b) of the Bankruptcy Code or 28 U.S.C § 156(c);

(d) Current officers and directors of the Debtors which assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(e) Any direct or indirect non-debtor subsidiary or affiliate of the Debtors;

(f) Any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(g) Any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert Claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(h)  Any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a 503(b)(9) Claim);

(i)  Any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(j)  Any holder of a Claim for which a separate deadline for filing a Proof of Claim is fixed by an order of this Court;

(k)  Any holder of a Claim who has already properly filed a Proof of Claim with DRC or the Clerk of the United States Bankruptcy Court for the District of Delaware on account of such Claim, utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

(l)  Credit Suisse AG, as administrative agent for the lenders under that certain Credit Agreement, dated as of June 30, 2011, by and among Rural/Metro Corporation, as borrower, WP Rocket Holdings, Inc. as guarantor, the lenders party thereto, Credit Suisse Securities (USA) LLC, as joint lead arranger and joint bookrunner, CitiGroup Global Markets Inc., as joint lead arranger, joint bookrunner and syndication agent, and Jefferies Finance LLC, as joint bookrunner and documentation agent (the "**Credit Agreement**"), but only to the extent that such Claims arise under the Credit Agreement;

(m)  The lenders party to the Credit Agreement, but only to the extent that such Claims arise under the Credit Agreement;

(n)  Any person or entity (other than the trustees under the Notes Indentures, as defined below) whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the 10.125% unsecured senior notes due 2019 (the "**Notes**," with claims relating to the principal, interest, and other applicable fees and charges arising under the Notes and their respective indentures, the "**Notes Indentures**," being referred herein as the "**Notes Claims**"); provided that the trustees under the respective Notes Indentures shall submit a single proof of claim form for the Notes Claims arising under their respective Notes and Notes Indentures; provided, further, that holders of Notes and the trustees under the Notes Indentures that wish to assert claims other than the Notes Claims shall be required to file proofs of claim on account of such claims on or before the General Bar Date unless another exception applies; and

(o)  Any person or entity holding a Claim pursuant to that certain Super Priority Debtor in Possession Credit Agreement dated August 4, 2013 (the "**DIP Agreement**").

17.     Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules.

E.    **Consequences of Failure to File a Proof of Claim**

18.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any holder of a Claim against the Debtors, other than those not required to file a Proof of Claim pursuant to the Proposed Bar Date Order, who fails to file a Proof of Claim on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim. Moreover, the holder of such Claim shall not be permitted to vote to accept or reject any plan of reorganization filed in the Chapter 11 Cases, participate in any distribution in the Chapter 11 Cases on account of such Claim, or receive further notices regarding such Claim.

F.    **Notice of the Bar Dates and Bar Date Order**

19.     Pursuant to the Proposed Bar Date Order and Bankruptcy Rule 2002(a)(7),[6] the Debtors propose to serve, through DRC, by first class mail, a Proof of Claim form, in a form substantially similar to the Proof of Claim form annexed as Exhibit 1 to the Proposed Bar Date Order (the "**Proof of Claim Form**"), and a notice of the Proposed Bar Date Order, in a form substantially similar to the notice annexed as Exhibit 2 to the Proposed Bar Date Order (the "**Bar Date Notice**" and, together with the Proof of Claim Form, the "**Bar Date Package**"), upon the following parties:

(a)    the U.S. Trustee;

(b)    counsel to the Committee;

---

[6] Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c)."

01:13979974.4

  (c)  all known holders of Claims listed on the Schedules at the addresses stated therein;

  (d)  all parties known to the Debtors as having potential Claims against the Debtors' estates as of the Bar Date and their counsel (if known);

  (e)  all know equity security holders of the Debtors;

  (f)  all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry of the Bar Date Order);

  (g)  counsel to Credit Suisse, AG, as the administrative agent under the Credit Agreement and administrative and collateral agent under the DIP Agreement;

  (h)  counsel to Wells Fargo, as indenture trustee for the Notes;

  (i)  all counterparties to any of the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

  (j)  the attorneys of record to all parties to pending litigation against the Debtors (as of the date of the entry of the Bar Date Order);

  (k)  the United States Attorney's Office for the District of Delaware and the state attorneys general for the jurisdictions in which the Debtors do business;

  (l)  the Internal Revenue Service and all taxing and regulatory authorities for the jurisdictions in which the Debtors do business; and

  (m)  the Securities and Exchange Commission.

20. After the initial mailing of the Bar Date Package, the Debtors anticipate that it may be appropriate to make supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case the Debtors should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants subsequently become known as a result of the Bar Date noticing process or

otherwise. In this regard, the Debtors request that the Court permit them, with the assistance of DRC, to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to recipient creditors. The Debtors believe that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

21. The Debtors will also post the Proof of Claim Form and the Bar Date Notice on the website established by DRC for the Debtors' Chapter 11 Cases (www.donlinrecano.com/rmc).

22. The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of a failure to timely file a Proof of Claim, and where parties can find further related information.

23. In the interest of ensuring that all creditors receive notice of the Bar Dates, and in light of the size and reach of the Debtors' business, the Debtors have determined that it would be prudent and in the best interest of their estates to give supplemental notice by publication. Thus, in accordance with Bankruptcy Rule 2002(l), the Debtors seek authority to publish the Bar Date Notice, modified for publication in substantially the form annexed as Exhibit 3 to the proposed Bar Date Order (the "**Publication Notice**"), once in the national edition of either *The New York Times* or the *Wall Street Journal*, on or before 21 days prior to the General Bar Date, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Publication Notice will include a telephone number that creditors may call and a website that

they may visit to obtain copies of the Proof of Claim Form, and information concerning the procedures for filing Proofs of Claim in the Chapter 11 Cases.

### G. The Proof of Claim Form

24. The Debtors, with the assistance of DRC, have prepared the Proof of Claim Form annexed as <u>Exhibit 1</u> to the Proposed Bar Date Order. The Proof of Claim Form substantially conforms to Official Form 10, but is tailored to the Chapter 11 Cases. The substantive modifications to the Official Form 10 proposed by the Debtors include the following:

(a) adding a field to determine whether a 503(b)(9) Claim is being asserted; and

(b) indicating how the Debtors have identified each creditor's respective claim on the Schedules, including the amount of the claim, type of Claim held by such creditor (i.e., non-priority unsecured, priority unsecured, secured), and whether the claim has been listed as contingent, unliquidated, or disputed.

25. When sent to a creditor, the Proof of Claim Form will be further customized (to the extent possible) to contain certain information about the creditor. Any entity that relies on the information in the Schedules will bear full and absolute responsibility for determining that its Claim is accurately listed therein.

### H. Claims Agent

26. On August 6, 2013, the Court entered an order [D.I. 51] authorizing DRC to serve as the claims and noticing agent with respect to the Chapter 11 Cases. In that regard, DRC is responsible for, among other things, maintaining the database containing the Schedules and cataloguing any Proofs of Claim filed in the Chapter 11 Cases.

27. To facilitate and coordinate the Claims reconciliation and Bar Date Notice functions, DRC will mail the Proof of Claim Forms, together with the Bar Date Notice, to the parties described above. This will ensure that each creditor whose Claim is listed on the

Schedules will receive a "personalized" Proof of Claim Form printed with the appropriate creditor's name and facilitate the matching of scheduled and filed Claims and the Claims reconciliation process.

I. **The Proposed Bar Date and Notice Procedures Are Reasonably Calculated to Provide Due and Proper Notice**

28. Bankruptcy Rule 2002(a)(7) provides that the Court should set a bar date for filing claims on not less than 21-days' notice, by mail, to certain parties in interest. The proposed procedures comply with the Bankruptcy Rules by providing approximately 30-days' notice by mail and at least 21-days' notice by publication.

29. Under the proposed Bar Date Order, the Debtors will be providing at least 21-days' notice, via mail and publication, to all creditors. Accordingly, the Debtors submit that the proposed Bar Dates and notice procedures described herein provide sufficient time for all parties in interest to assert any Claims. Further, because the proposed procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a Claim in the Chapter 11 Cases.

30. Also, as previously noted, DRC will post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established for the Chapter 11 Cases (www.donlinrecano.com/rmc). The Bar Date Notices will also provide that the Debtors' Schedules may be accessed through the same website or by contacting DRC at (212) 771-1128. Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed notice procedures set forth herein provide due and proper notice of the Bar Dates.

01:13979974.4

14

31. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

32. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel; (c) counsel to Wells Fargo, indenture trustee for the Debtors' senior unsecured notes; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submits that, under the circumstances, no other or further notice is required.

## Conclusion

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 7, 2013
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Maris J. Kandestin
Edmon L. Morton (No. 3856)
Maris J. Kandestin (No. 5294)
Ashley E. Markow (No. 5635)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
(302) 571-1253 (Fax)
emorton@ycst.com
mkandestin@ycst.com
amarkow@ycst.com

-and-

WILLKIE FARR & GALLAGHER LLP
Matthew A. Feldman
Rachel C. Strickland
Daniel I. Forman
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
(212) 728-8111 (Fax)
mfeldman@willkie.com
rstrickland@willkie.com
dforman@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

01:13979974.4