IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------x
In re                                        :    Chapter 11
                                             :
Rural/Metro Corporation, et al.,[1]          :    Case No. 13-11952 (KJC)
                                             :
           Debtors.                          :    (Jointly Administered)
                                             :
                                             :    **Hearing Date: August 28, 2013 at 4:00 p.m.**
                                             :    **Obj. Deadline: August 21, 2013 at 4:00 p.m.**
-----------------------------------------------------x

## DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 328 AND 330

The debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), by and through their undersigned proposed co-counsel, hereby move for entry of an order substantially in the form attached hereto as Exhibit 1(the "**Proposed Order**"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors to employ and compensate professionals utilized in the ordinary course of business (the "**Motion**"). In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Stephen Farber in Support of Chapter 11 Petitions and First Day Pleadings (the "**Farber Declaration**"), which was filed with the Court on the Petition Date (as defined below). In further support of the Motion, the Debtors respectfully represent:

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

## BACKGROUND

1. On August 4, 2013 (the "**Petition Date**"), Rural/Metro Corporation ("**Rural/Metro**") and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

2. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Farber Declaration.

## JURISDICTION

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 327, 328 and 330of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## RELIEF REQUESTED

4. The Debtors customarily retain the services of various attorneys, consultants and other professionals in the ordinary course of their business operations (each, an

"**Ordinary Course Professional**" or "**OCP**" and, collectively, the "**OCPs**").[2] The OCPs provide services to the Debtors in a variety of discrete matters unrelated to these cases, including, but not limited to, legal, audit and compliance advisory services.

5.   The Debtors seek entry of an order: (a) pursuant to sections 105(a) and 327, 328, and 330 of the Bankruptcy Code, authorizing, but not directing, the Debtors to retain professionals used in the ordinary course of their businesses, including, but not limited to, those professionals listed on <u>Exhibit A</u> to the Proposed Order, without the submission of separate retention applications and the issuance of separate orders approving the retention of each individual professional; and (b) pursuant to sections 105(a) and 330 of the Bankruptcy Code, authorizing, but not directing, the Debtors to pay each OCP in accordance with the procedures set forth in this Motion and any order granting the Motion, without application to the Court by such professional.

6.   The Debtors request that they be permitted to employ and retain the OCPs effective as of the Petition Date, on terms substantially similar to those in effect prior to the Petition Date, but subject to the limitations described below. The Debtors represent that: (a) the OCPs are necessary to enable the Debtors to conduct their ordinary course business affairs without disruption; (b) the expenses of the OCPs will be kept to a minimum; and (c) the OCPs will not perform substantial services relating to bankruptcy matters without permission of this Court.

---

[2]   The Debtors have prepared <u>Exhibit A</u> (the "**OCP List**") based on a preliminary review of professionals that have rendered legal and other professional services to the Debtors during the past 12 months, or that have been employed regularly by the Debtors on a historic basis. At this juncture, the Debtors have not determined which of the parties identified on the OCP List will continue to provide services to the Debtors on a postpetition basis. As such, the OCP List is not intended to constitute a representation that each party listed thereon will be retained, employed and paid by the Debtors during the course of these cases. Likewise, the Debtors believe that there may be additional professionals that may provide services as OCPs in these cases, but that have not yet been identified by the Debtors and, thus, are not included on the attached OCP List. Accordingly, the Debtors reserve the right to supplement or otherwise amend the OCP List from time to time by filing a supplemental or amended OCP List with the Court in accordance with the procedures set forth herein.

7. Although some of the OCPs may have unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

## BASIS FOR RELIEF

8. To determine whether an entity to be employed in a bankruptcy case is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts typically apply either a quantitative or a qualitative test. See In re AC&S, Inc., 297 B.R. 395, 402 (Bankr. D. Del. 2003); In re First Merchants Acceptance Corp., No. 97-1500-JJF, 1997 Bankr. LEXIS 2245, *6-*7 (Bankr. D. Del. Dec. 15, 1997). Under the quantitative test, courts have required that an entity providing professional services play a "central role" in estate administration before it is considered a professional under section 327. See, e.g., In re Cyrus II P'ship & Bahar Dev., Inc., No. 05-39857, 2008 Bankr. LEXIS 2317, *7 (Bankr. S.D. Tex. July 31, 2008) (holding that, to make a determination of whether to classify a person as a "professional" under section 327, "courts have looked to whether a person is 'central' to the administration of the estate"); In re That's Entm't Mktg. Group, Inc., 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only retention of professionals whose duties are central to the administration of the estate requires prior approval under section 327); In re Madison Mgmt. Group, Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re D'Lites of Am., Inc., 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (holding that section 327 approval is not necessary for "one who provides services to the debtor that are necessary whether the petition was filed or not"). By contrast, under the qualitative test, an entity is considered a professional if it is permitted to exercise discretion and autonomy in

addressing the administration of the estate. See, e.g., In re AC&S, Inc., 297 B.R. at 402; In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989).

9. Recognizing that the two tests are similar, the First Merchants Court harmonized the two standards and developed a non-exhaustive list of factors for determining whether a professional employed by a debtor is subject to the provisions of section 327. These factors include:

(a) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b) whether the employee is involved in negotiating terms of a plan of reorganization;

(c) whether the employment is directly related to the type of work carried out by the debtor or the routine maintenance of the debtor's business operations;

(d) whether the employee is given discretion to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the employee's involvement in the administration of the debtor's estate; and

(f) whether the employee's services involve some degree of special knowledge or skill, such that the entity can be considered a professional within the ordinary meaning of the term.

First Merchants, 1997 Bankr. LEXIS 2245, at *8-*9. The factors are to be considered in their totality, with no single factor being dispositive. See id. at *9 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered *in toto*.").

10. Finally, section 105(a) of the Bankruptcy Code grants the Court broad authority to enforce and implement the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines. *See* 11

U.S.C. § 105(a) ("The court may issue any order . . . necessary or appropriate to carry out the provisions of this title.").

11. In light of the foregoing First Merchants factors, professionals assisting the day-to-day operation of a debtor's business, rather than the administration of the bankruptcy estate, are *not* considered professionals that must be retained subject to the provisions of section 327. Thus, as the OCPs identified on Exhibit A to the Proposed Order perform services that assist the day-to-day operation of the Debtors' business, such OCPs are not subject to the provisions of section 327 of the Bankruptcy Code and need not be retained thereunder pursuant to a formal retention process. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to establish clear mechanisms for retention and payment of the OCPs and thereby avoid any subsequent controversy regarding same.

## THE PROCEDURES FOR EMPLOYMENT AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS

12. The Debtors propose the following procedures for the retention and compensation of the OCPs (the "**OCP Procedures**"):[3]

(a) The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100% of the fees and expenses incurred by each of the OCPs retained by the Debtors after submission to the Debtors of a Declaration of Disinterestedness (as defined herein), and upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, provided, however, that the Debtors shall not pay any individual OCP in excess of $50,000.00 (fifty thousand dollars) per month on average over a rolling three-month period (the "**Monthly Cap**"), for post-petition compensation and reimbursement of post-petition expenses.

(b) Any payments made in excess of the Monthly Cap shall be subject to prior approval of this Court in accordance with sections 330 and

---

[3] The OCP Procedures will not apply to attorneys or other professionals retained or to be retained by the Debtors pursuant to separate orders of this Court.

331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(c) Within 30 days of the close of every other month (each a "**Bi-Monthly Period**"), the Debtors shall file with this Court and serve on (i) the U.S. Trustee and (ii) counsel to the Creditors' Committee a statement identifying the aggregate amounts paid to each OCP in the reported Bi-Monthly Period. Such statement shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during the reported Bi-Monthly Period; and (c) a general description of the services rendered by each OCP.

(d) Each OCP shall file with this Court and serve upon: (i) the Debtors, Rural/Metro Corporation, 9221 E. Via de Ventura, Scottsdale, AZ 85258 (Attn: Stephen Farber); (ii) co-counsel to the Debtors: (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Rachel C. Strickland and Daniel I. Forman), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton and Maris J. Kandestin); (iii) the Office of the United States Trustee, 844 King St., Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to the consenting noteholders, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 S. Wacker Drive, Chicago, IL 60606 (Attn: David Heller); (v) counsel to the consenting lenders, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman); and (vi) counsel to any Committee that may be appointed in the Debtors chapter 11 cases (each a "**Notice Party**" and collectively, the "**Notice Parties**") a Declaration of Disinterestedness (as defined herein) at least 14 calendar days prior to submitting an invoice to the Debtors. Each attorney shall file and serve the attorney declaration of disinterestedness (the "**Attorney Declaration**"), attached to the Proposed Order as Exhibit B and each non-attorney shall file and serve the professional declaration of disinterestedness (the "**Professional Declaration**," together with the Attorney Declaration, a "**Declaration of Disinterestedness**"), attached to the Proposed Order as Exhibit C.

(e) The Notice Parties shall have 10 calendar days after service of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file such objection with this Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be

resolved within 10 calendar days of its receipt, the matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized on a final basis to retain and pay such OCPs.

13. The Debtors reserve the right to supplement the list of OCPs, in their discretion, from time to time as necessary to add or remove OCPs without the need for any further hearing and without the need to file individual retention applications for each. In such event, the Debtors propose to file a supplemental list with this Court and serve it on the Notice Parties, at which point the Notice Parties shall have 10 days from the date of service to object to the proposed amendment to the OCP List.

14. The Debtors submit that retention of the OCPs is essential and should be authorized to avoid any disruption in the Debtors' day-to-day business operations. The Debtors require legal advice and representation on a variety of matters, including, but not limited to, regulatory matters, and require actuarial and consulting services performed by various OCPs in connection with the Debtors' employee benefits and workers' compensation programs. Based on the number and the relatively limited scope of services to be provided by the OCPs, requiring the Debtors to seek individual authorization to employ each OCP would place an undue administrative burden on the Debtors and substantially increase the expenses of the estates.

15. Further, since the amount of fees and disbursements owed to any individual professional in respect of postpetition services is expected to be relatively modest, the requested relief will allow the Debtors to avoid additional costs associated with the preparation and prosecution of numerous interim fee applications. Likewise, the procedure set forth above will relieve the Court, the U.S. Trustee and other interested parties of the burden of reviewing a multitude of fee applications involving relatively small amounts of fees and expenses.

16.    Retention procedures with respect to ordinary course professionals similar to those proposed herein have been approved in recent cases in this District.  See, e.g., In re WP Steel Venture LLC, Case No. 12-11661 (KJC) (D. Del. Bankr. June 14, 2012); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del. Jan. 24, 2012 ); In re Dallas Stars, L.P., Case No. 11-12935 (Bankr. D. Del. Sept. 28, 2011); In re DSI Holdings, Inc., Case No. 11-11941 (Bankr. D. Del. July 21, 2011); In re Los Angeles Dodger LLC, Case No. 11-12010 (Bankr. D. Del. July 19, 2011).

## NOTICE

17.    Notice of this Motion will be given to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel;  (c) Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (f) each of the OCPs identified on Exhibit A to the Proposed Order; and (f) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the filing of this Motion.  The Debtors submit that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit C</u>, granting the relief requested in the Motion and such other and further relief for the Debtors as may be just and proper.

Dated:  August 7, 2013
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

  /s/ Maris J. Kandestin
Edmon L. Morton (No. 3856)
Maris J. Kandestin (No. 5294)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
(302) 571-1253 (Fax)
emorton@ycst.com
mkandestin@ycst.com

-and-

WILLKIE FARR & GALLAGHER LLP
Matthew A. Feldman
Rachel C. Strickland
Daniel I. Forman
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
(212) 728-8111 (Fax)
mfeldman@willkie.com
rstrickland@willkie.com
dforman@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*