## EXHIBIT 1

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x

In re                                     :    Chapter 11
                                          :
Rural/Metro Corporation, <u>et al.</u>,[1]     :    Case No. 13-11952 (KJC)
                                          :
            Debtors.                      :    (Jointly Administered)
                                          :
-------------------------------------------------x    Re Docket No. ___

### ORDER AUTHORIZING DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 328 AND 330

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors to:  (a) employ professionals used in the ordinary course of business, including, but not limited to, those set forth on <u>Exhibit A</u> attached hereto (collectively, the "**OCPs**"); and (b) compensate such OCPs in accordance with the terms set forth herein; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of these estates, their creditors, and other parties in interest; and the Court having jurisdiction over this matter pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and after due deliberation and sufficient cause appearing therefor, it is, by the United States Bankruptcy Court for the District of Delaware, hereby

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as <u>Schedule 1</u> to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc.  The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

ORDERED, ADJUDGED, and DECREED that:

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and pay reasonable fees and expenses of the OCPs listed on Exhibit A hereto (the "**OCP List**") to assist and advise the Debtors in the operation of their businesses and to represent the Debtors in the matters arising in the ordinary course of the Debtors' business as described in the Motion.

3.      The Debtors shall serve a copy of this Order and the OCP List on the OCPs within five (5) business days after entry of this Order.

4.      The following procedures for the retention and compensation of the OCPs are hereby approved (the "**OCP Procedures**"):

(a)      The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100% of the fees and expenses incurred by each of the OCPs retained by the Debtors after submission to the Debtors of a Declaration of Disinterestedness (as defined herein), and upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, provided, however, that the Debtors shall not pay any individual OCP in excess of $50,000.00 (fifty thousand dollars) per month on average over a rolling three-month period (the "**Monthly Cap**"), for post-petition compensation and reimbursement of post-petition expenses.

(b)      Any payments made in excess of the Monthly Cap shall be subject to prior approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(c)      Within 30 days of the close of every other month (each a "**Bi-Monthly Period**"), the Debtors shall file with this Court and serve on (i) the U.S. Trustee and (ii) counsel to the Creditors' Committee a statement identifying the aggregate amounts paid to each OCP in the reported Bi-Monthly Period.  Such statement shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during the reported Bi-Monthly Period; and (c) a general description of the services rendered by each OCP.

(d)     Each OCP shall file with this Court and serve upon: (i) the Debtors, Rural/Metro Corporation, 9221 E. Via de Ventura, Scottsdale, AZ 85258 (Attn: Stephen Farber); (ii) co-counsel to the Debtors: (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Rachel C. Strickland and Daniel I. Forman), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton and Maris J. Kandestin); (iii) the Office of the United States Trustee, 844 King St., Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to the consenting noteholders, Latham & Watkins LLP, Sears Tower, Suite 5800, 233 S. Wacker Drive, Chicago, IL 60606 (Attn: David Heller); (v) counsel to the consenting lenders, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman); and (vi) counsel to any Committee that may be appointed in the Debtors chapter 11 cases (each a "**Notice Party**" and collectively, the "**Notice Parties**") a Declaration of Disinterestedness (as defined herein) at least 14 calendar days prior to submitting an invoice to the Debtors. Each attorney shall file and serve the attorney declaration of disinterestedness (the "**Attorney Declaration**"), attached hereto as Exhibit B and each non-attorney shall file and serve the professional declaration of disinterestedness (the "**Professional Declaration**," together with the Attorney Declaration, a "**Declaration of Disinterestedness**"), attached hereto as Exhibit C.

(e)     The Notice Parties shall have 10 calendar days after service of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file such objection with this Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 10 calendar days of its receipt, the matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized on a final basis to retain and pay such OCPs.

18.     The Debtors are authorized to supplement the list of OCPs, in their discretion, from time to time as necessary to add or remove OCPs without the need for any further hearing and without the need to file individual retention applications for each. In such event, the Debtors propose to file a supplemental list with this Court and serve it on the Notice

Parties, at which point the Notice Parties shall have 10 days from the date of service to object to the proposed amendment to the OCP List.

19.     The OCP Procedures will not apply to attorneys or other professionals retained or to be retained by the Debtors pursuant to separate orders of this Court.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2013
      Wilmington, Delaware

 

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

### Schedule of Ordinary Course Professionals

| Name & Address | Service Provided to Debtors |
|---|---|
| Ansa Assuncao LLP<br>100 South Ashley Drive<br>Suite 1740<br>Tampa, FL 33602<br>Attn: Bryan Rotella<br>Bryan.rotella@ansalaw.com | Risk Management, Compliance, and Assistant General Counsel |
| Baker & Hostetler LLP<br>P.O. Box 70189<br>Cleveland, OH 44190<br>Attn: Tom Seger<br>tseger@bakerlaw.com | Labor Counsel |
| Corporation Service Company<br>P.O. Box 13397<br>Philadelphia, PA 19101<br>Attn: Steve Turner<br>Rturnr3@cscinfo.com | Corporate Governance Filings Consultants |
| CT Corporation System<br>P.O. Box 4349<br>Carol Stream, IL 60197<br>(214) 979-9450<br>Attn: Dallas Corporate Team | Statutory Agent |
| Gordon & Rees LLP<br>633 W. 5th Street<br>Suite 5200<br>Los Angeles, CA 90071<br>Attn: Stephen Tully<br>stully@gordonrees.com | Employment Counsel |
| Jones Day<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, GA 30309<br>Attn: Rebekah Plowman<br>rplowman@jonesday.com | Healthcare Regulatory Counsel |
| Law Office of Robert E. Melton<br>8170 N. 86th Place<br>Suite 200<br>Scottsdale, AZ 85258<br>(480) 596-4080<br>Attn: Robert E. Melton | Fire Subscription Counsel |

| | |
|---|---|
| Page Wolfberg & Wirth LLC<br>5010 E. Trindle Road<br>Suite 202<br>Mechanicsburg, PA 17050<br>Attn: Doug Wolfberg<br>dwolfberg@pwwemslaw.com | Ambulance Regulatory Counsel |
| Paul Hastings<br>75 E. 55th Street<br>New York, NY 10022<br>Attn: Kevin Logue<br>kevinlogue@paulhastings.com | Shareholder Litigation Counsel |
| Philip R Wooten PC<br>3414 E. Equestrian Trail<br>Phoenix, AZ 85044<br>Attn: Philip R. Wooten<br>Pwooten1@cox.net | Compliance Counsel |
| Pietzsch Bonnett & Womack PA<br>2702 N. 3rd Street<br>Suite 3000<br>Phoenix, AZ 85004<br>Attn: Michael Pietzsch<br>pietzsch@usbenefitslaw.com | ERISA, Pension and 401(k) Advisors |
| Silverstein and Huston<br>701 S. Parker Street<br>Suite 5500<br>Orange, CA 92868<br>Attn: Mark Huston<br>silverstein@silversteinhuston.com | Class Action Litigation Counsel |
| Squire Sanders & Dempsey LLP<br>Administration Center<br>P.O. Box 643051<br>Cincinnati, OH 45264<br>Attn: Joe Crabb<br>jcrabb@ssd.com | Corporate, Labor, Employment Counsel |
| Taddeo & Shahan LLP<br>472 S. Saline Street<br>Suite 700 Empire Building<br>Syracuse, NY 13202<br>Attn: Karen Taddeo<br>ktaddeo@ts-law.com | Ambulance Regulatory Counsel |
| Woolf McClane Bright Allen & Carpenter PLLC<br>P.O. Box 900<br>Knoxville, TN 37901<br>Attn: J. Chadwick Hatmaker<br>chatmaker@wmbac.com | Tennessee and Alabama Litigation Counsel |

# EXHIBIT B

**Attorney Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------x

In re                                              :    Chapter 11
                                                   :
Rural/Metro Corporation, et al.,[1]                :    Case No. 13-11952 (KJC)
                                                   :
                    Debtors.                       :    (Jointly Administered)

----------------------------------------------------x

## ATTORNEY DECLARATION OF DISINTERESTEDNESS

I, [            ], declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that:

1.    I am a [member] of the firm [_____] (the "**Firm**"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") in the ordinary course of their businesses.  The Debtors wish to retain the Firm to continue providing ordinary-course services during their chapter 11 cases.  This declaration is submitted in compliance with the Order Authorizing Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business Pursuant to Bankruptcy Code Sections 105(a), 327, 328 and 330 (the "**OCP Order**").

2.    I am familiar with and have personal knowledge of the facts set forth below.

3.    The professional services the Firm will render to the Debtors include [insert description].

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc.  The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

4.    Neither I, the Firm, [nor any member, counsel, or associate] thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth hereinafter:

(a)    [PLACEHOLDER FOR EXCEPTION, IF APPLICABLE]

5.    The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

6.    [STATEMENT OF PAST REPRESENTATION OF THE DEBTORS]

7.    The Firm holds [a retainer of $_____/no retainer] that is applicable to postpetition services.

8.    This Firm and certain of its [members, counsel, and associates] may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases.  None of those past or current representations are material.  This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the Debtors have been prepared and will make any further disclosures as may be appropriate at that time.  The Firm intends to apply for compensation for professional services rendered directly to the Debtors, in accordance with the OCP Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm.  The principal [professionals] designated to represent the Debtors and their current standard rates are:

[LIST OF PROFESSIONALS AND HOURLY RATES]

9.    The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its

[professionals] and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, [DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

10.     Except as provided in the OCP Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on [_____], 2013

_____

[Professional Name]
[Title]
[Address]

## Exhibit C

**Non-Attorney Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
Rural/Metro Corporation, et al.,[1]                :    Case No. 13-11952 (KJC)
                                                   :
                      Debtors.                     :    (Jointly Administered)
---------------------------------------------------x
```

## **PROFESSIONAL DECLARATION OF DISINTERESTEDNESS**

I, [Declarant], do hereby declare under penalty of perjury:

      1.      I am a [position] of [Firm], located at [Street, City, State Zip Code] (the "Firm").

      2.      The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have requested that the Firm provide [_____] services to the Debtors, and the Firm has agreed to provide such services.

      3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "**Chapter 11 Cases**"), for persons that are parties in interest in the Debtors' Chapter 11 Cases.  The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

      4.      The Firm [has/has not] provided services to the Debtors prior to the commencement of these Chapter 11 Cases.

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc.  The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

5.     As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these Chapter 11 Cases.

6.     Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7.     Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

8.     The Firm is either not owed any amounts for prepetition services or the Firm has agreed to waive any amounts owed on account of services rendered and expenses incurred prior to the commencement of the Chapter 11 Cases in connection with the Firm's employment by the Debtors.

9.     As of the date the Chapter 11 Cases were commenced (the "Petition Date"), the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [If there is such an agreement, a copy of such agreement is attached as Exhibit A to this Declaration].

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on [_____], 2013

By: _____