IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Rural/Metro Corporation, et al.,[1] | : Case No. 13-11952 (KJC) |
| | : |
|           Debtors. | : (Jointly Administered) |
| | : |
| | : Hearing Date: August 28, 2013 at 1:00 p.m. (ET) |
| | : Obj. Deadline: August 21, 2013 at 4:00 p.m. (ET) |

-----------------------------------------------------x

## DEBTORS' APPLICATION TO EMPLOY AND RETAIN WILLKIE FARR & GALLAGHER LLP AS BANKRUPTCY CO-COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a), 328, 330, 331 AND 1107(b) OF THE BANKRUPTCY CODE NUNC PRO TUNC TO THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors,**" as applicable), hereby move for entry of an order pursuant to sections 327(a), 328

and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the

employment and retention of the law firm of Willkie Farr & Gallagher LLP ("**WF&G**") as

bankruptcy co-counsel to the Debtors, effective as of the commencement of these cases (the

"**Application**"), and respectfully represent:

## BACKGROUND

1.        On August 4, 2013 (the "**Petition Date**"), Rural/Metro Corporation

("**Rural/Metro**") and each of the other Debtors filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  The Debtors are authorized to continue in the possession of their

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc.  The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

2.    The events leading up to the Petition Date are set forth in the Declaration of Stephen Farber (the "**Farber Declaration**") in Support of Chapter 11 Petitions and First Day Pleadings.

## JURISDICTION

3.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## RELIEF REQUESTED

4.    By this Application, the Debtors seek to employ and retain WF&G as their attorneys, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, under a general retainer to perform the legal services more fully set forth herein, *nunc pro tunc* to the Petition Date.

5.      On or about June 17, 2013, WF&G was retained by the Debtors as counsel to provide general advice and assistance with regard to financial restructuring and the preparation and commencement of the Debtors' chapter 11 cases.

6.      The Debtors desire to retain WF&G as their co-counsel to provide such legal services as are necessary and requested by the Debtors, including, without limitation, bankruptcy, debt restructuring, and related corporate and litigation services, in each case relating to the Debtors' reorganization.  The Debtors have selected WF&G to serve as counsel because WF&G's attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, tax, corporate finance, commercial litigation, real estate and employee benefits, among others.  Accordingly, the Debtors believe that WF&G is well qualified to represent them in these cases.

7.      Prior the Petition Date, WF&G received the following amounts from the Debtors in connection with their representation of the Debtors:

| Invoice Date | Invoiced Amount | Amount Received | Date Received |
|---|---|---|---|
| 06/17/13 | $250,000.00 | $250,000.00 | 06/20/13 |
| 06/27/13 | $300,000.00 | $300,000.00 | 07/1/13 |
| 07/17/13 | $500,000.00 | $500,000.00 | 07/17/13 |
| 07/30/13 | $450,000.00 | $450,000.00 | 08/1/13 |

Other than as set forth herein, WF&G has not received any payments from the Debtors during the 90 days immediately preceding the Petition Date.  WF&G does not have outstanding prepetition fees or expenses in excess of the sum of $45,000, which is the portion of the retainer being held by Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**") on behalf of WF&G that will be transferred to WF&G upon the approval of this Application and the

application to retain Young Conaway.[2]  In addition, WF&G will voluntarily write off any

outstanding prepetition fees or expenses that will exceed such portion of the retainer being held

by Young Conaway on behalf of WF&G.[3]

8.      Subject to the allocation of responsibilities among the Debtors' other

professionals, as described herein, WF&G may be requested to render the following services to

the Debtors:

(a)      prepare, on behalf of the Debtors, as debtors in possession, all
necessary petitions, motions, applications, answers, orders, reports
and papers in connection with the administration of these cases;

(b)      counsel the Debtors with regard to their rights and obligations as
debtors in possession;

(c)      provide the Debtors with advice, represent the Debtors and prepare
necessary documents on behalf of the Debtors in the areas of
bankruptcy law, debt restructuring, asset dispositions and other
areas of commercial law as requested;

(d)      advise the Debtors with respect to actions to protect and preserve
the Debtors' estates during the pendency of these cases, including
the prosecution of actions by the Debtors, the defense of actions
commenced against the Debtors, negotiations concerning litigation
in which the Debtors are involved and objections to claims filed
against the estates; and

(e)      perform all other necessary or requested legal services.

9.      Contemporaneously herewith, the Debtors have applied to the Court to

retain (a) Young Conaway as bankruptcy co-counsel, (b) Alvarez & Marsal Healthcare Group as

financial advisor, (c) FTI Consulting, Inc. as special accountant, (d) Lazard Frères & Co. as

investment banker, (e) Donlin Recano & Company, Inc. as claims and noticing agent and (f)

---

[2]      The Debtors have already authorized this transaction.

[3]      Young Conaway has not yet completed its final reconciliation of the prepetition fees and expenses applied
against their retainer.  Details regarding such final reconciliation will be included in Young Conaway's first
application for interim compensation.

professionals that provide services in the ordinary course of the Debtors' businesses not relating to these cases. In addition, the Debtors may also file motions or applications to employ additional professionals.

10. Each of these firms works, and will continue to work, under the direction of the Debtors' management. In addition to the professionals, the Debtors' directors and senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, WF&G is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

11. The Debtors submit that the retention of WF&G under the terms described herein is appropriate under sections 327(a), 328, and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee,[4] with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a)  is not a creditor, an equity security holder, or an insider;

(b)  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 .S.C. § 101(14).

---

[4]  Pursuant to section 1107(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have substantially all of the rights, powers and duties of a trustee.

12      Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).  Further, to the best of the Debtors' knowledge, the members and associates of WF&G do not have any connection with the Debtors, their creditors or any other party in interest, or their attorneys, except to the extent set forth in the *Declaration of Rachel C. Strickland in Support of Application to Employ and Retain Willkie Farr & Gallagher LLP as Bankruptcy Co-Counsel to Debtors and Debtors in Possession* (the "**Strickland Declaration**") attached hereto as <u>Exhibit A</u>.  Accordingly, the Debtors believe WF&G is "disinterested" and does not hold or represent an interest adverse to the Debtors' estates.

13      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a).  The Debtors may require WF&G to render extensive legal services, the cost of which may not be estimable.  Accordingly, it is necessary and essential for the Debtors, as debtors in possession, to employ WF&G as their attorneys under a general retainer to render the foregoing services.

14      Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that WF&G be compensated on an hourly basis and that WF&G receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors in these cases.

## NOTICE

15      Notice of this Application will be given to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel;  (c) counsel to Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties who have appeared in this case as of the date of the filing of this Application.  The Debtors submit that, under the circumstances, no other or further notice is required.

01:13990155.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u>, granting the relief requested in the Application and such other and further relief for the Debtors as may be just and proper.

Dated: Wilmington, Delaware
      August 7, 2013

                    Rural/Metro Corporation, <u>et al.</u>
                    Debtors and Debtors in Possession

                    _____
                    Stephen Farber
                    Authorized Signatory