IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                                               :    Chapter 11
                                                                        :
Rural/Metro Corporation, et al.,[1]                    :    Case No. 13-11952 (KJC)
                                                                        :
                    Debtors.                                    :    (Jointly Administered)
                                                                        :    Hearing Date: August 28, 2013 at 1:00 p.m. (ET)
                                                                        :    Objection Deadline: August 21, 2013 at 4:00 p.m. (ET)
------------------------------------------------------x

**APPLICATION OF THE DEBTORS, PURSUANT TO SECTION 327(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014, FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG
CONAWAY STARGATT & TAYLOR, LLP AS BANKRUPTCY CO-COUNSEL
FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") respectfully seek the issuance and entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the retention of Young Conaway Stargatt & Taylor, LLP (the "**Firm**" or "**Young Conaway**") as bankruptcy co-counsel to the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below). In support of this application (the "**Application**"), the Debtors rely upon the declaration of Edmon L. Morton, Esquire (the "**Morton Declaration**"), attached hereto as Exhibit A, and the Declaration of Stephen Farber in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 2] (the "**Farber Declaration**"), which was filed with the Court on the Petition Date (as defined below). In further support of the Application, the Debtors respectfully represent:

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On August 4, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner, or official committee has been appointed in any of the Debtors' cases (the "**Chapter 11 Cases**").

3. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Farber Declaration.

## BASIS FOR THE RELIEF REQUESTED

**A.   Young Conaway's Qualifications**

4. The Debtors seek to retain Young Conaway as their bankruptcy co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors submit that Young Conaway's expertise, experience, and knowledge practicing before this Court will be

efficient and cost effective for the Debtors' estates. Young Conaway has been working with the Debtors and Willkie Farr & Gallagher LLP ("**Willkie**"), proposed bankruptcy co-counsel, for several weeks in preparation for the commencement of these proceedings and is familiar with the Debtors' businesses and affairs and with many of the potential legal issues that may arise in the context of these Chapter 11 Cases. Accordingly, the Debtors believe that Young Conaway is both well qualified and able to represent them as bankruptcy counsel in these Chapter 11 Cases.

**B.**     **Payment of Fees and Expenses**

5.     Young Conaway will seek approval from this Court of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm, consistent with the Engagement Agreement (defined below), upon the filing of appropriate applications for interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | |
|---|---|
| Edmon L. Morton | $595.00 |
| Matthew B. Lunn | $530.00 |
| Maris J. Kandestin | $410.00 |
| Ashley E. Markow | $285.00 |
| Troy Bollman (paralegal) | $160.00 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

01:13870893.4

6. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

7. Young Conaway was retained to represent the Debtors in connection with these cases pursuant to an engagement agreement dated June 19, 2013 (the "**Engagement Agreement**"). On June 20, 2013, Young Conaway received a retainer in the amount of $75,000 and additional retainer supplements of $102,484.00[2] on July 23, 2013 and $30,000 on August 1, 2013 (the "**Retainer**") in connection with the planning and preparation of initial documents and Young Conaway's proposed post-petition representation of the Debtors. The Firm issued an invoice in the amount of $31,867.60 on July 22, 2013 for services performed prepetition from June 21, 2013 through July 21, 2013, and received payment in that amount from the Debtors on July 25, 2013. Additionally, the Firm invoiced the Debtors in the amount of $18,689.70 on July 30, 2013 for services performed prepetition from July 22, 2013 through July 28, 2013, and received payment in

---

[2] Of this amount, $80,058.00 constituted the advance payment of the filing fees for these cases.

01:13870893.4

4

that amount from the Debtors on July 31, 2013. A part of the Retainer has been applied to outstanding balances existing as of the Petition Date.[3] In addition, $45,000 of the Retainer is being held by Young Conaway on behalf of Willkie and, upon approval of this Application and the application to retain Willkie, such amount will be transferred to Willkie.[4] The remainder of the Retainer will be applied to post-petition invoices approved by the Court before the Firm seeks payment from the Debtors for Young Conaway's monthly fees and/or expenses.[5]

8. As set forth in the Morton Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### C. Services to Be Provided

9. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

- provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their properties, and the potential sale of their assets;

- prepare and pursue confirmation of a plan and approval of a disclosure statement;

- prepare, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

- appear in Court and protect the interests of the Debtors before the Court; and

- perform all other legal services for the Debtors that may be necessary and proper in these proceedings.

10. Contemporaneously herewith, the Debtors have applied to the Court to retain (a) Willkie as bankruptcy co-counsel; (b) Alvarez & Marsal Healthcare Industry Group, LLC as

---

[3] Young Conaway has not yet completed its final reconciliation of the pre-petition fees and expenses applied against its Retainer. Details regarding such final reconciliation will be included in the Firm's first application for interim compensation.

[4] The Debtors have already authorized this transfer.

[5] Young Conaway's statement pursuant to Bankruptcy Rule 2016 is attached hereto as Exhibit B.

01:13870893.4

financial advisor; (c) Lazard Frères & Co. L.L.C. as investment banker; (d) Donlin Recano & Company, Inc. as claims, noticing, and administrative agent; (e) FTI Consulting, Inc. as financial advisor; and (f) professionals that provide services in the ordinary course of the Debtors' businesses not relating to these cases. In addition, the Debtors may also file motions or applications to employ additional professionals.

11. Each of these firms works, and will continue to work, under the direction of the Debtors' management. The Debtors' directors and senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

D. **Bankruptcy Rule 2014 Disclosure**

12. To the best of the Debtors' knowledge, and except as disclosed herein and in the Morton Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtors;

    b. are not, and were not within two years before the Petition Date, directors, officers, or employees of the Debtors; and

    c. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

13. For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

01:13870893.4

## NOTICE

14. Notice of this Application will be given to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel; (c) counsel to Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the filing of this Application. The Debtors submit that, under the circumstances, no other or further notice is required.

15. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein and such other and further relief for the Debtors as may be just and proper.

Dated: Wilmington, Delaware
      *August 7*, 2013

                                  Rural/Metro Corporation, <u>et al.</u>
                                  Debtors and Debtors in Possession

                                  _____
                                  Stephen Farber
                                  Executive Vice President and Chief Financial Officer

Error!