IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Rural/Metro Corporation, et al.,[1] | : | Case No. 13-11952 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: August 28, 2013 at 1:00 p.m. (ET) |
| | : | Obj. Deadline: August 21, 2013 at 4:00 p.m. (ET) |
------------------------------------------------------x

## DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS SPECIAL ACCOUNTANT TO THE DEBTORS

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby submit this application (this "**Application**") for entry of an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and approving, effective as of the Petition Date (defined below), the employment and retention of FTI Consulting, Inc. ("**FTI**") as special accountant. In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of Stephen Farber In Support of Chapter 11 Petitions and First Day Pleadings (the "**Farber Declaration**"), which was filed

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

01:13994300.1

with the Court on the Petition Date (as defined below), and the Declaration of A. Scott Bingham in Support of Debtors' Application for Order Authorizing and Approving, Effective as of the Petition Date, the Employment and Retention of FTI Consulting, Inc. as Special Accountant to the Debtors (the "**Bingham Declaration**"), a copy of which is attached hereto as Exhibit A. In further support of the Application, the Debtors, by and through their proposed undersigned co-counsel, respectfully represent as follows:

## JURISDICTION

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Rule 2014 of the Bankruptcy Rules and Rule 2014-1 of the Local Rules.

## BACKGROUND

2.  On August 4, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only. As of the date hereof, no trustee, examiner or official committee has been appointed in any of the Debtors' cases.

01:13994300.1

3. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Farber Declaration [Docket No. 2].

## RELIEF REQUESTED

4. By this Application, the Debtors seek to employ and retain FTI as their special accountant in connection with these chapter 11 cases pursuant to the terms and conditions of the agreement between the Debtors and FTI, dated as of June 29, 2013 (the "**Engagement Letter**"), a copy of which is attached hereto as Exhibit B.

## FTI'S QUALIFICATIONS

5. FTI is well-qualified to assist the Debtors on the matters for which the Debtors propose to retain it. FTI's professionals have extensive experience analyzing, structuring, negotiating and effecting financial projections, evaluating business operations, properties, financial conditions and prospects, developing liquidity forecasts, improving cash flow management, obtaining additional financings, developing strategies for accomplishing proposed transactions, assessing valuations, providing expert testimony, and other expert and financial advisory support related to reorganization.

6. Furthermore, FTI has worked with the Debtors for approximately seven months prior to the Petition Date on its restructuring initiatives. In such time, FTI has worked closely with the Debtors' management and has become well-acquainted with the Debtors' businesses, capital structure, financial affairs, and related matters. As a result, FTI has developed significant relevant experience and expertise regarding the Debtors and their situation. The experience FTI gained prepetition will enhance FTI's ability to provide the services required by the Debtors in these chapter 11 cases. The Debtors believe that FTI has the expertise, and is uniquely positioned, to represent them in their chapter 11 cases in an efficient manner.

01:13994300.1

## SCOPE OF SERVICES

7. The Debtors propose to retain FTI on the terms and conditions set forth in the Engagement Letter. In accordance with the terms of the Engagement Letter, FTI will perform the following services, among others, to the extent they are desired or necessary:[2]

    (a)    Revenue Cycle Management.

            i. Identify weaknesses in billing office support;

            ii. Improve efficiency in pre-bill and post-bill processes; and

            iii. Assist in implementation of improvements.

    (b)    Revenue Recognition.

            i. Assist the Debtors to develop new revenue recognition model using payor analytics; and

            ii. Advise the Debtors during monthly closing procedures on revenue methodology.

    (c)    Financial Accounting and Historical Forensic Review Assistance.

            i. Revenue recognition and accounts receivable;

            ii. Intercompany accounts and transactions;

            iii. Purchase accounting for the entity itself as well as any subsequent acquisitions;

            iv. Equity transactions (preferred stock/warrants and options) and related fair value issues;

            v. Balance sheet accounts (cash, payables, accruals, etc.); and

            vi. Prior unrecorded audit adjustments.

    (d)    Other activities as directed by the Debtors.

---

[2] The description of the Engagement Letter is a summary of the terms thereof. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter control. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

01:13994300.1

8.      The Debtors require FTI's professional services and expertise in order to assist the Debtors in the administration of these cases and their efforts to maximize the value of their estates. All of the services that FTI will provide to the Debtors will be undertaken at the request of the Debtors and will be appropriately directed by the Debtors so as to avoid duplicative efforts among the professionals retained in these cases, and FTI has agreed with the Debtors to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

## COMPENSATION

9.      Pursuant to the Engagement Letter, and subject to this Court's approval, FTI will be paid on an hourly basis. FTI's compensation will be based upon the actual number of hours incurred at FTI's standard hourly rates ranging from $115 (for paraprofessionals) to $895 (for senior managing directors). The Debtors have also agreed to reimburse FTI for its actual and necessary out-of-pocket expenses incurred in connection with the engagement.[3] In addition, the Debtors have advanced, and FTI is currently holding in its client trust account, $400,000, which will be applied to FTI's final postpetition fees and expenses, to the extent approved by this Court.

10.     The compensation terms in the Engagement Letter are consistent with FTI's normal and customary compensation for comparable cases, both in and out-of-court, involving the services to be provided. In addition, the Debtors believe that such terms are

---

[3] In addition to direct expenses, the Debtors have agreed to reimburse FTI for its reasonable allocated expenses, which include the cost of items that are not billed directly to the Engagement, including administrative support and other overhead expenses that are not billed through as direct reimbursable expenses, and are calculated at 6% of FTI's standard professional rates.

reasonable and within the range of fees typically charged by firms of similar caliber for comparable services.

11. As set forth in the Bingham Declaration, FTI has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## INDEMNIFICATION

12. The Engagement Letter further provides that the Debtors will indemnify and hold harmless FTI and any of its subsidiaries, affiliates, officers, directors, principals, shareholders, agents, independent contractors, or employees (such indemnification obligations, as modified by the proposed retention order, the "**Indemnification Provisions**"), which provisions are attached to and made a part of the Engagement Letter. The Indemnification Provisions are standard provisions, both in chapter 11 cases and outside chapter 11, and reflect the qualifications and limits on indemnification provisions that are customary in Delaware and other jurisdictions.

13. The Indemnification Provisions are similar to other indemnification provisions that have been approved by this Court and other bankruptcy courts. See, e.g., In re Otelco, Inc., Case No. 13-10593 (MFW) (Bankr. D. Del. Apr. 18, 2013); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Apr. 19, 2012); In re Nebraska Book Company, Inc., Case No. 11-12005 (PJW) (Bankr. D. Del. Aug. 10, 2011); In re DSI Holdings, Inc., Case No. 11-11941 (KJC) (Bankr. D. Del. July 19, 2011); In re Borders Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); In re Tropicana Entm't, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 30, 2008) In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 26, 2007).

14. The terms and conditions of the Engagement Letter, including the Indemnification Provisions, were negotiated by the Debtors and FTI at arm's length and in good faith. The Debtors respectfully submit that the Indemnification Provisions contained in the Engagement Letter, viewed in conjunction with the other terms of FTI's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and creditors in light of the fact that the Debtors require FTI's services for a successful result in these cases.

15. Accordingly, as part of this Application, the Debtors request that the Court approve the Indemnification Provisions, as outlined in the Engagement Letter, subject to the modifications set forth in the proposed retention order.

## BASIS FOR RELIEF

16. The Debtors submit that the retention of FTI under the terms described herein is appropriate under sections 327(a), 328, and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee,[4] with the Court's approval, to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the

---

[4] Pursuant to section 1107(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have substantially all of the rights, powers and duties of a trustee. See 11 U.S.C. § 1107(a).

estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(A)-(C).

17. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtors' knowledge, except to the extent set forth in the Bingham Declaration, FTI does not have any connection with the Debtors, their creditors or any other party in interest.

18. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). The Debtors may require FTI to render extensive advisory services, the immediate cost of which may not be estimable. Accordingly, it is necessary and essential for the Debtors, as debtors in possession, to employ advisors under a general retainer to render the foregoing services.

19. Subject to this Court's approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules and other procedures that may be fixed by the Court, the Debtors request that FTI be compensated as set forth in the Engagement Letter and that FTI receive reimbursement of its reasonable direct and allocated expenses incurred in connection with its representation of the Debtors in these cases.

## NOTICE

20. Notice of this Motion will be given to: (a) the U.S. Trustee; (b) Credit Suisse, AG, as the administrative agent under the Debtors' prepetition secured credit agreement and its counsel; (c) Wells Fargo, indenture trustee for the Debtors' senior unsecured notes and its counsel; (d) counsel to certain of the Debtors' senior unsecured noteholders; (e) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and (f) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the filing of this Motion. The Debtors submit that, under the circumstances, no other or further notice is required.

01:13994300.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit C: (i) approving the agreement terms contained within the Engagement Letter; (ii) retaining FTI as financial advisor in these chapter 11 cases; and (iii) granting such other and further relief as is just or proper.

Dated: Wilmington, Delaware
       August 7, 2013

Rural/Metro Corporation, et al.
Debtors and Debtors in Possession

_____
Stephen Farber
Authorized Signatory