## EXHIBIT A

**Bingham Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
Rural/Metro Corporation, et al.,[1]                      :    Case No. 13-11952 (KJC)
                                                         :
                    Debtors.                             :    (Jointly Administered)
                                                         :
---------------------------------------------------------x

### DECLARATION OF A. SCOTT BINGHAM IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS SPECIAL ACCOUNTANT TO THE DEBTORS

I, A. Scott Bingham, being duly sworn, depose and say:

1.  I am a Senior Managing Director in the firm FTI Consulting, Inc. ("**FTI**"), a firm with offices located at 1201 West Peachtree Street, NW, Atlanta, GA 30309. I submit this declaration in support of the application (the "**Application**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**"), for an order authorizing the employment and retention of FTI as special accountant of the Debtors under the terms and conditions set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have been informed of the matters set forth herein by other professionals at FTI.

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

[2] Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

01:13994300.1

## QUALIFICATIONS OF PROFESSIONAL

2. FTI is one of the preeminent consulting firms in the world. FTI's professionals have extensive experience working with financially troubled companies in complex financial restructurings, both in and out of chapter 11, analyzing, structuring, negotiating and effecting financial projections, evaluating business operations, properties, financial conditions and prospects, developing liquidity forecasts, improving cash flow management, obtaining additional financings, and other expert and financial advisory support related to reorganization. FTI's professionals have advised debtors, creditors, and other parties in interest in numerous restructurings.

## DISINTERESTEDNESS AND ELIGIBILITY

3. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, neither FTI, nor any principal or professional employee of FTI (a) is related professionally to the Debtors, its creditors or any other party in interest herein, the United States Trustee or anyone employed in the Office of the United States Trustee for Delaware (the "**U.S. Trustee**"), or (b) has any connection with or holds or represents any interest adverse to the Debtors, their estates, creditors or any other party in interest herein or their respective attorneys in the matters for which FTI is proposed to be retained, except as described below. For so long as it represents the Debtors, FTI will not represent any other entity in connection with the Debtors' bankruptcy cases.

4. In the 90 days prior to the Petition Date, the Debtors have paid FTI $1,072,115.95 in fees and expenses, as further detailed below, under the current Engagement Letter, which includes $400,000 paid on account of estimated prepetition expenses incurred but

01:13994300.1

not yet billed (if this estimated amount exceeds actual prepetition expenses, the balance will be applied to future approved fees and expenses):

Monthly Fees/Reimbursed Expenses:

| Invoice Date | Invoiced Amount | Amount Received | Date Received |
|---|---|---|---|
| 3/6/13 | $65,045.13 | $65,045.13 | 6/5/13 |
| 4/30/13 | $97,261.16 | $97,261.16 | 6/25/13 |
| 4/30/13 | $169,452.96 | $169,452.96 | 6/25/13 |
| 5/20/13 | $95,799.37 | $95,799.37 | 7/3/13 |
| 5/21/13 | $98,763.13 | 98,763.13 | 7/3/13 |
| 6/12/13 | $97,801.15 | $97,801.15 | 6/28/13 |
| 6/27/13 | $82,886.18 | $82,886.18 | 6/28/13 |
| 7/9/13 | $50,626.05 | $50,626.05 | 7/11/13 |
| 7/3/13 | $92,193.61 | $92,193.61 | 7/11/13 |
| 7/31/13 | 222,287.21 | 222,287.21 | 8/2/13 |

5. As of the Petition Date, the Debtors did not owe FTI for any fees or expenses incurred prior to the Petition Date.

6. To the best of my knowledge, FTI is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), in that FTI

(a) is not a creditor, equity security holder or insider of the Debtors;

(b) is not and was not within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

In addition, to the best of my knowledge and based upon the results of the relationship search described below, FTI neither holds nor represents an interest adverse to the Debtors within the meaning of Bankruptcy Code section 327(a).

7.  FTI has in the past worked with, continues to work with, and may have mutual clients with, certain law firms who represent parties in interest in this case. None of these engagements or relationships relate to this case.

8.  FTI in the past has had commercial or professional relationships, and may have commercial and professional relationships, and may in the future have commercial or professional relationships directly or indirectly with customers, competitors, and creditors of the Debtors. As described below, however, FTI has undertaken a detailed search to determine, and to disclose, whether it is performing or has performed services for any significant creditors, equity security holders, or insiders in such related matters.

9.  Toward that end, FTI researched its client database to determine whether it had any relationships with parties identified by the Debtors and/or their representatives that may be parties-in-interest in these chapter 11 cases. Prior to the Petition Date, a FTI affiliate was retained by the public shareholders of the Debtor in connection with shareholder litigation related to the going private transaction. Litigation against the debtor settled and is awaiting final Court approval of the settlement. Related litigation against one advisor has been fully briefed following trial and is waiting on a court opinion.

10. FTI has in the past worked directly for certain of the Debtors' known debtholders in an advisory capacity and with respect to matters unrelated to the Debtors or these chapter 11 cases, including: Advanced Series Trust, ALM, Apollo, Ares, Babson, Bank of the West, Bank of New York, Barclays Bank, Bell Atlantic, Bill & Melinda Gates Foundation, Blue Mountain, BNP Paribas, BOKF, Brown Brothers, Citibank, Citigroup, Credit Suisse, CM Life Insurance Company, Courage Special Situations, Davinci Reinsurance, Deutsche Bank, Diamond Lake, Fidelity Management and Research, Future Fund Board of Guardians,

01:13994300.1

Guggenheim, Highbridge International, Illinois State Board of Investment, Jefferies Finance, Jefferies Leveraged Credit Products, JFIN CLO, Loomis Sayles, NYLIM Flatiron, Royal Bank of Canada, Sapphire Valley, Pacifica, KIL Loan, Leveragesource, LFSIGXG, Macquarie Bank, Mainstay, Marathon, Massachusetts Mutual Life Insurance, Mast Credit Opportunities, Melbourne Holdings, Midtown Acquisitions, Momentum Capital, Monarch Alternative Capital, Monarch Master Funding, Morgan Stanley, Natixix Loomis Sayles, New York Life Insurance, News America, Northern Trust, Oak Hill Credit Partners, Oaktree Capital Management, OHA Park Avenue, One Wall Street, Oregon Public Employees Retirement Fund, Pershing, Pioneer Floating Rate Trust, Sawgrass Trading, SC Pro Loan II, Second Street Holdings, Security Income Fund, Silverado CLO, St. James River CLO, TCW, State Street Bank and Trust, Swiss Capital Pro Loan, UBS, US Bank Veritas, Virtus, Visium, Vitesse, Wellpoint, West Bend Mutual Insurance, Westwood, Wells Fargo.

      11.    Despite the efforts described above to identify and disclose FTI's connections with parties in interest in this case, FTI is unable to state with certainty that every client representation or other connection has been disclosed. If FTI discovers additional information that requires disclosure, FTI will file supplemental disclosures with the Court as promptly as possible.

      12.    To the best of my knowledge, FTI has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If this Court approves our proposed employment as special accountants, FTI will accept no engagement or perform any service in this case for any entity or person other than the Debtors. FTI may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the

Debtors or parties in interest in these chapter 11 cases, <u>provided, however,</u> that such services do not and will not relate to, or have any direct connection with these chapter 11 cases.

13. To the best of my knowledge, no professional of FTI is related to or connected to any United State Bankruptcy Judge or District Judge for the District of Delaware or the U.S. Trustee or to any employee in the office thereof.

14. To the best of my knowledge, information and belief, FTI does not have or represent any interest of the Debtors, or any class or creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or any investment banker for any securities. To the extent that any information disclosed herein requires amendment or modification upon FTI's completion of further analysis, or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

## SERVICES TO BE PROVIDED

15. The Debtors have represented that it is expected that FTI will assist the Debtors in matters which include, but are not limited to, the following:

    (a) Revenue Cycle Management.

        (i) Identify weaknesses in billing office support;

        (ii) Improve efficiency in pre-bill and post-bill processes; and

        (iii) Assist in implementation of improvements.

    (b) Revenue Recognition.

        (i) Assist the Debtors to develop new revenue recognition model using payor analytics; and

        (ii) Advise the Debtors during monthly closing procedures on revenue methodology.

    (c) Financial Accounting and Historical Forensic Review Assistance.

    (i)  Revenue recognition and accounts receivable;

    (ii)  Intercompany accounts and transactions;

    (iii)  Purchase accounting for the entity itself as well as any subsequent acquisitions;

    (iv)  Equity transactions (preferred stock/warrants and options) and related fair value issues;

    (v)  Balance sheet accounts (cash, payables, accruals, etc.); and

    (vi)  Prior unrecorded audit adjustments.

  (d)  Other activities as directed by the Debtors.

16. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, FTI will seek payment for compensation on an hourly basis for the financial and other consulting services outlined in the Application, and reimbursement of reasonable direct and allocated expenses incurred by FTI. The range of FTI's customary hourly rates, as charged to matters of this type, by the professionals assigned to this engagement, are referenced in the Application for the employment of FTI.

17. Further, according to FTI's books and records, during the ninety days prior to the Debtors' petition date, FTI received $1,072,115.95 from the Debtors for services performed and expenses incurred. Further, as of the date hereof, FTI holds $400,000 on-account, which amount will be held by FTI and applied to its final fees and expenses that are allowed by this Court.

18. No commitments have been made or received by FTI, nor any partner or employee associate thereof, as to compensation or payment in connection with these cases other

than in accordance with the provisions of the Bankruptcy Code. FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

_____
A. Scott Bingham
FTI Consulting, Inc.