# EXHIBIT B

**Blackline of Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
Rural/Metro Corporation, et al.,[1]             :    Case No. 13-11952 (KJC)
                                                :
Debtors.                                        :    Jointly Administered
                                                :
                                                :    Re: Docket No. ── 69
--------------------------------------------------------------- x

ORDER, PURSUANT TO SECTIONS 105 (a)
AND 365(a) OF THE BANKRUPTCY CODE, AUTHORIZING
THE ASSUMPTION OF RESTRUCTURING SUPPORT AGREEMENT

Upon consideration of the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for an order pursuant to sections 105(a) and 365 the Bankruptcy Code, as supplemented by Bankruptcy Rule 6006, authorizing the Debtors to assume that certain restructuring support agreement entered into by and among the Debtor, the Consenting Lenders and the Consenting Noteholders (inclusive of exhibits, the "**RSA**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and due and adequate notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the Farber Declaration establish just

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Stephen Farber in Support of Chapter 11 Petition and First Day Pleadings [Docket No. 2] and at www.donlinrecano.com/rmc. The Debtors' headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the RSA, as applicable.

01:14017008.1

cause for the relief granted herein; and it appearing that the relief requested by this Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to assume the RSA, a copy of which is attached hereto as Exhibit 1, effective upon entry of this Order.

3. The RSA shall be binding and enforceable against the Debtors, the Consenting Lenders and the Consenting Noteholders in accordance with its terms.

4. Section 9 of the RSA is hereby amended and superseded as follows:

Notwithstanding anything to the contrary in the Motion or the RSA (including any exhibits to the RSA), (i) nothing requires the Company, the Debtors or their respective boards of directors to breach any fiduciary obligations they have under applicable law; and (ii) in the event the Company, the Debtors or their respective boards of directors reasonably determine, consistent with their fiduciary obligations and in consultation with their legal advisors, that the conditions to effectiveness of the Plan cannot be satisfied, or if they receive an alternative offer that they reasonably expect to maximize the value of the Debtors' estates, they may terminate the RSA without incurring any liability to any Party under the RSA (other than, for avoidance of doubt, any break-up fee to the extent otherwise payable pursuant to the Restructuring Term Sheet annexed to the RSA). In the event that the Company, the Debtors or their respective boards of directors terminate the RSA pursuant to the preceding sentence, the Company shall provide five (5) days written notice to counsel to the Consenting Lenders and Consenting Noteholders.

5. Notwithstanding anything to the contrary in the Motion or the RSA (including any exhibits to the RSA), the RSA is hereby further modified to provide that the Exit LC Facility Provider, Backstop Term Loan Lenders and the Exit Preferred Holders each shall deliver executed binding commitment letters with respect to the Exit LC Facility, Backstop Term Loan and Exit Issuance, respectively, in form and substance reasonably acceptable to the Company, the Consenting Secured Lenders, the Consenting Noteholders, and the Exit Preferred

Lenders by the later of September 13, 2013 at 12:00 p.m. (prevailing Eastern Time) or such other date as the Company consents to in writing.

6.    4. The failure to describe specifically or include any particular provision of the RSA or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the RSA be assumed by the Debtors in its entirety.

7.    5. The RSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, solely in accordance with the terms thereof.

8.    6. The Debtors are authorized to pay the fees and expenses set forth in the RSA and all attachments, which fees and expenses, upon payment, shall not be subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, crossclaims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any person or entity. To the extent that any of such fees and expenses were incurred prepetition and remain unpaid as of the date hereof, the Debtors are authorized to pay such fees and expenses within five (5) days of the date hereof. None of the fees and expenses set forth in the RSA or any attachments shall be subject to further approval of the Bankruptcy Court, and no recipient thereof shall be required to file any in accordance with this Order. No interim or final application shall be required to be filed with the Bankruptcy Court as a condition precedent to the Debtors' obligation to pay such fees and expenses. set forth in the RSA or any exhibits. Notwithstanding anything to the contrary in the RSA, any fees and expenses, whether prepetition or postpetition, of the professionals to the Consenting Lenders shall be governed by any Final Order entered in

3

connection with the Debtors' motion for authority to obtain postpetition financing [Docket No. 11]. Notwithstanding the foregoing or anything to the contrary in the RSA and all attachments, (A) professionals to the Consenting Noteholders shall submit copies of their respective professional fee invoices to the Debtors for any (i) fees and expenses incurred prepetition and remain unpaid as of the date hereof and (ii) postpetition fees and expenses; (B) such invoices shall not be required to comply with the U.S. Trustee fee guidelines but shall be sufficiently detailed to enable a determination as to the reasonableness of such fees and expenses (without limiting the right of the various professionals to redact privileged, confidential or sensitive information); (C) immediately upon receipt, the Debtors shall forward copies of such invoices to counsel for the Committee; (D) if the Committee or the Debtors object to the reasonableness of the fees and expenses of any of the professionals to the Consenting Noteholders and cannot resolve such objection within ten (10) days of counsel for the Committee's receipt of such invoices, the Committee or the Debtors shall file and serve on such professional to the Consenting Noteholders an objection with the Bankruptcy Court (the "**Fee Objection**") limited to the issue of the reasonableness of such fees and expenses; (E) the Debtors shall timely (and in any event within five (5) days) pay the invoices of the professionals to the Consenting Noteholders after the expiration of the ten (10) day notice period if no Fee Objection is received in such ten (10) day period; (F) if a Fee Objection is timely received, the Debtors shall only be required to pay the undisputed amount of the invoice within five (5) days, and the Bankruptcy Court shall have jurisdiction to determine the disputed portion of such invoice if the parties are unable to resolve the dispute.

9.  ~~7.~~ The Debtors, the Consenting Lenders and the Consenting Noteholders are granted all rights and remedies provided to them under the RSA, including, without limitation, the right to specifically enforce the RSA in accordance with its terms.

10.  ~~8.~~ No default exists under the RSA, and, therefore, the Debtors are not required to satisfy the requirements of section 365(b)(1) of the Bankruptcy Code. Accordingly, the Debtors are not required to: (a) cure, or provide adequate assurance that the Debtors will promptly cure, any default under the RSA; (b) compensate, or provide adequate assurance that the Debtors will promptly compensate, the Parties to the RSA for any actual pecuniary loss resulting from any default; or (c) provide adequate assurance of future performance of the RSA.

11.  ~~9.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.  ~~10.~~ The automatic stay set forth in section 362 of the Bankruptcy Code is modified, to the extent necessary, to permit the delivery of the notice of termination of the RSA and the termination of the RSA, if applicable, pursuant to its terms.

13.  ~~11.~~ The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

14.  ~~12.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: ~~August~~ September ___, 2013
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**The Restructuring Support Agreement ("RSA")**

Document comparison by Workshare Compare on Thursday, September 05, 2013 9:57:56 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/14017008/1 |
| Description | #14017008v1<YCST01> - R/M - Order Approving Motion to Assume RSA (version filed with motion) |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/14017008/3 |
| Description | #14017008v3<YCST01> - R/M - Order Approving Motion to Assume RSA |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 15 |
| Deletions | 18 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 35 |