## **EXHIBIT II**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re                                  :    Chapter 11
                                       :
Rural/Metro Corporation,[1]            :    Case No. 13-11952 (KJC)
                                       :
         Reorganized Debtor.           :
                                       :    **Re: Docket No. ____**
-------------------------------------------------------x

### ORDER SUSTAINING REORGANIZED DEBTOR'S SEVENTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO § 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon the *Reorganized Debtor's Seventeenth Omnibus (Substantive) Objection to Claims Pursuant to § 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection");[2] and the Court having considered the Objection, the Disputed Claims listed on Exhibits A, B, and C attached hereto, and any responses thereto; and upon the *Declaration of Sven Johnson in Support of the Reorganized Debtor's Seventeenth Omnibus (Substantive) Objection to Claims Pursuant to § 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1*; and the Court having subject matter jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the

---

[1]    The last four digits of the Reorganized Debtor's federal tax identification number are 6929.  The Reorganized Debtor's headquarters are located at 8465 N. Pima Road, Scottsdale, AZ 85258.

[2]    Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

legal and factual bases set forth in the Objection having established just cause for the relief therein; and good and sufficient cause appearing therefor; it is hereby,

ORDERED, ADJUDGED, AND DECREED that:

1.      The Objection is SUSTAINED, as set forth herein.

2.      The Reclassified Claim listed on Exhibit A is reclassified to the classification set forth in the column titled "Modified Classification."

3.      The No Liability Claims listed on Exhibit B are disallowed and expunged in their entirety.

4.      The Redundant Claim listed on Exhibit C is disallowed and expunged in its entirety.

5.      The Reorganized Debtor's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6.      The Reorganized Debtor shall retain and shall have the right to object in the future to the Disputed Claims identified on Exhibits A, B, and C on any additional grounds, and to seek to amend, modify and/or supplement this Order as may be necessary.   In addition, the Reorganized Debtor's rights are reserved to file future objections to claims asserted in proofs of claim that have been or may subsequently be filed in the Chapter 11 Cases, or claims that may be listed on the Debtors' Schedules of Assets and Liabilities, on the grounds set forth herein or any other appropriate grounds that bankruptcy and non-bankruptcy law permits.

01:24118337.1

7.      This Court shall retain jurisdiction over the Reorganized Debtor and the claimants whose Disputed Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: _____, 2019
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

**Reclassified Claim**

**RURAL/METRO CORPORATION**
**CASE NO. 13-11952 (KJC)**
**RECLASSIFIED CLAIM**
**EXHIBIT A**

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | FILED DATE OF CLAIM | CLAIM AMOUNT | MODIFIED CLASSIFACTION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| BISHOP, KENNETH DAVID<br>161 CLEMMER FERRY RD<br>BENTON, TN 37307 | 488 | Priority | 09/30/13 | $51.77 | Unsecured | Claimant asserts priority under section 507(a)(7) of the Bankruptcy Code.  However, the proof of claim is for rent due under a real property lease, and therefore is not entitled to the asserted priority. |

## **EXHIBIT B**

**No Liability Claims**

01:24118337.1

RURAL/METRO CORPORATION
CASE NO. 13-11952 (KJC)
NO LIABILITY CLAIMS
EXHIBIT B

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| CARNEY, SEAN D.<br>WARBURG PINCUS LLC<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | 1986 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors. The Reorganized Debtor is not aware of any such pending or threatened actions against the claimant in his capacity as director or officer of the Debtors. Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |
| CONRAD CONRAD<br>8300 E. DIXILETA DR.<br>LOT 239<br>SCOTTSDALE, AZ 85266 | 1223 | U | Unliquidated | Claimant asserts a contingent indemnification claim in connection with a settlement agreement resolving a prepetition derivative action. The Reorganized Debtor is not aware of any action against the claimant that would give rise to the asserted indemnification claim, and the statute of limitations for such action has expired. |
| DAVIS, EUGENE IRWIN<br>C/O PIRINATE CONSULTING GROUP, LLC<br>ATTN: EUGENE DAVIS<br>5 CANOE BROOK DR<br>LIVINGSTON, NJ 07039 | 1210 | U | Unliquidated | Claimant asserts a contingent indemnification claim in connection with a settlement agreement resolving a prepetition derivative action. The Reorganized Debtor is not aware of any action against the claimant that would give rise to the asserted indemnification claim, and the statute of limitations for such action has expired. |

RURAL/METRO CORPORATION
**CASE NO. 13-11952 (KJC)**
**NO LIABILITY CLAIMS**
**EXHIBIT B**

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| EPSTEIN, ESQ, STEVEN B.<br>C/O MORRISON COHEN LLP<br>ATTN: TERENCE K. MCLAUGHLIN, ESQ.<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | 1985 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors.  The Reorganized Debtor is not aware of any such pending or threatened actions against the claimant.  Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |
| HOLLAND, EARL P<br>15270 KILBIRNIE DR<br>FT MYERS, FL 33912 | 1211 | U | Unliquidated | Claimant asserts a contingent indemnification claim in connection with a settlement agreement resolving a prepetition derivative action. The Reorganized Debtor is not aware of any action against the claimant that would give rise to the asserted indemnification claim, and the statute of limitations for such action has expired. |
| LIU, ERIC C.<br>WARBURG PINCUS LLC<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | 1987 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors.  The Reorganized Debtor is not aware of any such pending or threatened actions against the claimant.  Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |
| NY- STATE DEPARTMENT OF TAXATION & FINANCE<br>C/O BANKRUPTCY SECTION<br>P.O. BOX 5300<br>ALBANY, NY 12205-0300 | 1978 | Priority<br>Unsecured | $39,648.84<br>$9,226.46 | Proof of claim is for outstanding corporate taxes.  The Reorganized Debtor has filed all tax returns and the applicable taxing authority has determined that no amounts are due. |

RURAL/METRO CORPORATION
**CASE NO. 13-11952 (KJC)**
**NO LIABILITY CLAIMS**
**EXHIBIT B**

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| NY- STATE DEPARTMENT OF TAXATION & FINANCE C/O BANKRUPTCY SECTION P.O. BOX 5300 ALBANY, NY 12205-0300 | 1851 | Priority Unsecured | $382,412.91 $88,935.50 | Proof of claim is for outstanding corporate taxes. The Reorganized Debtor has filed all tax returns and the applicable taxing authority has determined that no amounts are due. |
| NY- STATE DEPARTMENT OF TAXATION & FINANCE C/O BANKRUPTCY SECTION P.O. BOX 5300 ALBANY, NY 12205-0300 | 1850 | Priority Unsecured | $1,509,405.36 $353,066.25 | Proof of claim is for outstanding corporate taxes. The Reorganized Debtor has filed all tax returns and the applicable taxing authority has determined that no amounts are due. |
| NY- STATE DEPARTMENT OF TAXATION & FINANCE C/O BANKRUPTCY SECTION P.O. BOX 5300 ALBANY, NY 12205-0300 | 1839 | Priority Unsecured | $135,920.23 $31,498.67 | Proof of claim is for outstanding corporate taxes. The Reorganized Debtor has filed all tax returns and the applicable taxing authority has determined that no amounts are due. |
| NY- STATE DEPARTMENT OF TAXATION & FINANCE C/O BANKRUPTCY SECTION P.O. BOX 5300 ALBANY, NY 12205-0300 | 1838 | Priority Unsecured | $1068.40 $250.00 | Proof of claim is for outstanding corporate taxes. The Reorganized Debtor has filed all tax returns and the applicable taxing authority has determined that no amounts are due. |

RURAL/METRO CORPORATION
CASE NO. 13-11952 (KJC)
NO LIABILITY CLAIMS
EXHIBIT B

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| RASH, MARTIN S. C/O MORRISON COHEN LLP ATTN: TERENCE K. MCLAUGHLIN, ESQ. 909 THIRD AVENUE NEW YORK, NY 10022 | 1984 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors. The Reorganized Debtor is not aware of any such pending or threatened actions against the claimant. Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |
| SHACKELTON, CHRISTOPHER C/O COLISEUM CAPITAL MANAGEMENT, LLC ONE STATION PLACE 7TH FLOOR SOUTH STAMFORD, CT 06902 | 1384 | U | Unliquidated | Claimant asserts a contingent indemnification claim in connection with a settlement agreement resolving a prepetition derivative action. The Reorganized Debtor is not aware of any action against the claimant that would give rise to the asserted indemnification claim, and the statute of limitations for such action has expired. |
| STEPHANIE KESSLER AND MICHAEL PRIM, DAIN PRIM: INDIVIDUALLY AND AS NEXT FRIENDS OF DAIN PRIM C/O HOLLBERG & WEAVER, LLP ATTN: GEORGE M. WEAVER, ATTORNEY 2921 PIEDMONT RD., SUITE C ATLANTA, GA 30305 | 737 | U | $600,000.00 | Claimant asserts damages in connection with an action commenced in state court against the Debtors. On October 10, 2017, the state court entered a judgment in favor of the Debtors. Accordingly, the proof of claim should be disallowed. |

**RURAL/METRO CORPORATION**
**CASE NO. 13-11952 (KJC)**
**NO LIABILITY CLAIMS**
**EXHIBIT B**

| NAME OF CLAIMANT | CLAIM NUMBER | CLASSIFICATION | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| WALKER, HENRY<br>5345 NORTH FOOTHILLS DR<br>TUSCON, AZ 85718 | 1383 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim in connection with a settlement agreement resolving a prepetition derivative action. The Reorganized Debtor is not aware of any action against the claimant that would give rise to the asserted indemnification claim, and the statute of limitations for such action has expired. |
| WALLMAN, RICHARD F.<br>C/O MORRISON COHEN LLP<br>ATTN: TERENCE K. MCLAUGHLIN, ESQ.<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | 1983 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors.  The Reorganized Debtor is not aware of any pending or threatened actions against the claimant.  Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |
| WISE, ALLEN F.<br>C/O ADVANCE HEALTH<br>14121 PARKE LONG COURT, SUITE 201<br>CHANTILLY, VA 20151 | 1358 | U | Unliquidated | Claimant, a former officer or director, asserts a contingent indemnification claim for any and all actions brought against claimant in connection with the services claimant provided to the Debtors.  The Reorganized Debtor is not aware of any such pending or threatened actions against the claimant.  Moreover, pursuant to the Plan, any such causes of action vested in the Litigation Trustee and/or Estate Accounting-Related Cause of Action Trustee, which have determined not to pursue any actions against the claimant. |

## **EXHIBIT C**

**Redundant Claim**

01:24118337.1

**RURAL/METRO CORPORATION**
**CASE NO. 13-11952 (KJC)**
**REDUNDANT CLAIM**
**EXHIBIT C**

**Claim To Be Disallowed**                                          **Remaining Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Claim Amount ($) | Class* | Name/Address of Claimant | Claim Number | Date Filed | Case Number | Claim Amount ($) | Class* |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOM GIORGI GARDENING<br>ATTN: TOM GIORGI, OWNER/OPERATOR<br>PO BOX 5158<br>GRANTS PASS, OR 97527 | 622 | 10/07/13 | 13-11980 | $500.00 | U | TOM GIORGI GARDENING<br>ATTN: TOM GIORGI, OWNER/OPERATOR<br>PO BOX 5158<br>GRANTS PASS, OR 97527 | 231 | 09/17/13 | 13-11952 | $600.00 | U |